581 F.2d 35
 Michael B. SCHACHTER, M. D., John Doe, Richard Roe, and Mary
Roe, Appellants,
v.
Robert P. WHALEN, M. D., Commissioner of Health of the State
of New York, and Thaddeus J. Murawski, M. D., Executive
Secretary of the State Board for Professional Misconduct of
the State of New York, Appellees.
 No. 1018, Docket 78-7154.
 United States Court of Appeals,
Second Circuit.
 Argued May 25, 1978.
Decided July 19, 1978.
 
 Jon G. Rothblatt, New York City (Henry B. Rothblatt, Rothblatt, Rothblatt, Seijas & Peskin, New York City, of counsel), for appellant.
 Judith A. Gordon, Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen. of the State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., New York City, of counsel), for appellees.
 Before OAKES, Circuit Judge, and BLUMENFELD* and MEHRTENS,** District Judges.
 PER CURIAM:
 
 
 1
 Plaintiffs appeal from an order of the United States District Court for the Southern District of New York, Charles H. Tenney, Judge, denying plaintiffs' motion for a preliminary injunction and dismissing the complaint. We affirm.
 
 
 2
 The court below based its decision on principles of abstention articulated in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and subsequently applied in contexts other than contemporaneous state criminal proceedings. See L. Tribe, American Constitutional Law § 3-41, at 152-56 (1978); Note, Younger Grows Older: Equitable Abstention in Civil Proceedings, 50 N.Y.U.L.Rev. 870, 885-87 (1975). We affirm the judgment below without reaching the abstention issue on the ground that, considering the facts in the light most favorable to plaintiffs, their complaint fails to state a cause of action for which relief can be granted under 42 U.S.C. § 1983.[1]
 
 
 3
 In the instant case appellants Schachter and three unidentified cancer patients sought to invoke federal declaratory and injunctive relief against N.Y. Pub. Health Law § 230(10)(k) & (L ) (McKinney Supp.1977), which grants subpoena power to the Executive Secretary of the New York State Board for Professional Medical Conduct (Board). The Board, as part of a professional conduct investigation of Dr. Schachter, subpoenaed the medical records of all patients treated with the drugs Laetrile or MA-7. Appellants claim that the power to subpoena patient records is unconstitutional under the First, Fourth, Fifth, Ninth and Fourteenth Amendments because unconsented disclosure to the Board of the patients' identities and their confidential medical records:
 
 
 4
 (a) invades the patients' right of privacy and confidentiality in medical treatment;
 
 
 5
 (b) impinges upon the patients' right to receive the medical treatment of their choice;SU (c) discriminates against the patients because they suffer from certain diseases, hold certain beliefs, and desire to receive certain forms of medical treatment;
 
 
 6
 (d) invades plaintiff Schachter's right to treat his patients in a private and confidential manner;
 
 
 7
 (e) impinges upon plaintiff Schachter's right to practice his profession in accordance with his professional judgment and skill without unwarranted government interference; (and)
 
 
 8
 (f) discriminates against plaintiff Schachter because of his opinions and beliefs, the type of patients he treats, and the type of medical treatment he administers.
 
 
 9
 Brief for Appellants at 8.
 
 
 10
 Of course, in order to state a cause of action under 42 U.S.C. § 1983, plaintiffs must allege state action that deprives them of a right secured by the Constitution and laws of the United States. Adickes v. S. H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). In Whalen v. Roe, 429 U.S. 589, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977), the Supreme Court rejected closely analogous claims by a doctor and his patients challenging the constitutional validity of portions of the New York State Controlled Substances Act of 1972. That statute mandated that prescriptions of certain drugs be prepared on an official form and provide, among other information, the patient's name. A copy of each prescription was required to be submitted to the State Department of Health for recordation in a centralized computer file.
 
 
 11
 In the opinion for the Court, Mr. Justice Stevens noted that two types of privacy interests protected by the Constitution are implicated by disclosure of patient information: "One is the individual interest in avoiding disclosure of personal matters, and another is the interest in independence in making certain kinds of important decisions." Whalen v. Roe, supra, 429 U.S. at 599-600, 97 S.Ct. at 876 (footnotes omitted). The Court held that neither interest was unconstitutionally infringed by the legislation. It reasoned that there was no indication that the "security provisions of the statute will be administered improperly," Id. at 600-01, 97 S.Ct. at 877 (footnote omitted), that the "disclosures of private medical information to doctors, to hospital personnel, to insurance companies, and to public health agencies are often an essential part of modern medical practice even when the disclosure may reflect unfavorably on the character of the patient," Id. at 602, 97 S.Ct. at 878 (footnote omitted), and that the possible discouragement to seek medication engendered by the reporting requirements was insufficient to deem the statute unconstitutional. See Felber v. Foote, 321 F.Supp. 85, 89 (D.Conn.1970) (three-judge court).
 
 
 12
 Here, as in Whalen, the information is crucial to implementation of sound state policy; investigation of licensed physicians for medical misconduct, N.Y. Pub. Health Law § 230 (McKinney Supp.1977), has as much rational basis and underlying public-interest justification as the statute identifying patients obtaining certain drugs by prescription in Whalen. And here, as in Whalen, the statute itself guarantees confidentiality. Id. § 230(9), 10(L ). In furtherance of the guaranteed confidentiality, we are assured by counsel for the State that there are substantial procedures to prevent public disclosure of patients' names by way of a coding system.[2] Therefore the provisions under attack do not violate the patients' constitutional rights. A fortiori, the doctor's constitutional rights have not been abridged. See Whalen v. Roe, supra, 429 U.S. at 604, 97 S.Ct. 869. Indeed, the doctor here has, if anything, even less standing to complain than the doctors in Whalen, for it is an investigation of his fitness that is involved.
 
 
 13
 Affirmed.
 
 
 
 *
 Of the District of Connecticut, sitting by designation
 
 
 **
 Of the Southern District of Florida, sitting by designation
 
 
 [1]
 An appellate court may affirm on a basis not considered by the court below. United States v. American Railway Express Co., 265 U.S. 425, 435-36, 44 S.Ct. 560, 68 L.Ed. 1087 (1924), Cited with approval in Dandridge v. Williams, 397 U.S. 471, 475-76 n. 6, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). See Brault v. Town of Milton, 527 F.2d 730, 738 (2d Cir. 1975) (en banc) (failure to state a claim for relief is issue resolvable before "other possible barriers . . . to relief" are considered). Younger abstention goes to the exercise of equity jurisdiction, not to the jurisdiction of the federal district court as such to hear the case. Douglas v. City of Jeannette, 319 U.S. 157, 161-63, 63 S.Ct. 877, 87 L.Ed. 1324 (1943). See Ohio Bureau of Employment Services v. Hodory, 431 U.S. 471, 477-80, 97 S.Ct. 1898, 52 L.Ed.2d 513 (1977)
 
 
 [2]
 We of course recognize that the system of security is not foolproof so that the risk of inadvertent disclosure remains. Moreover, the information might be used in connection with judicial proceedings