**James L. CARTER, Plaintiff,**

v.

**NEWBURGH POLICE DEPT., et al., Defendants.**

**No. 80 Civ. 2563 (CBM).**

United States District Court, S. D. New York.

Dec. 19, 1980.

James L. Carter, pro se.

Corporation Counsel The City of Newburgh, for defendant Newburgh Police Dept.; William M. Kavanaugh, Newburgh, N. Y., of counsel.

McCann, Ahern & Sommers, P. C., Newburgh, N. Y., for defendant Orange County Legal Aid Staff; Joseph A. Catania, Jr., Newburgh, N. Y., of counsel.

Robert T. Hartman, Asst. County Atty., County of Orange, Goshen, N. Y.

## MEMORANDUM OPINION

MOTLEY, District Judge.

■ This is an action brought *pro se* by a New York State prisoner under 42 U.S.C. § 1983 against defendants Newburgh Police Department, Orange County Legal Aid Staff, Orange County Court, and Wilbur K. Sherwood, Sheriff of the Orange County Jail, for alleged violations of his civil rights.[1] Plaintiff requests declaratory and injunctive relief, as well as monetary damages.

The question presented is whether the plaintiff's claims are sufficient under § 1983 to withstand motions to dismiss filed by three of the four defendants.[2] It is well-settled that *pro se* complaints must be examined liberally and dismissed only if it appears that beyond doubt the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (per curiam), *rehearing denied*, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972). The court also notes that on a motion to dismiss for failure to state a claim upon which relief can be granted, the factual allegations of the plaintiff's complaint must be taken as true. *Blassingame v. United States Attorney General*, 387 F.Supp. 418 (S.D.N.Y.1975). When measured by this liberal standard, it is the opinion of the court that the plaintiff's complaint must be dismissed against defendants Newburgh Police Department, Orange County Legal Aid Staff and Orange County Court for plaintiff's failure to exhaust his state remedies. However, the claims against Sheriff Wilbur K. Sherwood should not be dismissed, since it appears that the plaintiff has stated a valid § 1983 claim against this defendant.

The plaintiff, James L. Carter, was arrested on January 29, 1980 by officers of the Newburgh Police Department. He was indicted and subsequently convicted of grand larceny and attempted coercion following a jury trial. From the time of his arrest until approximately September, 1980, the plaintiff was incarcerated in the Orange County Jail under the supervision of defendant Sherwood. While his state court trial was pending, the plaintiff sought writs of habeas corpus in both the Orange County Court and the Orange County Supreme Court. These motions were denied and the plaintiff has pursued no further habeas corpus actions in the New York state courts.

## I. PLAINTIFF'S CLAIMS AGAINST THE NEWBURGH POLICE DEPARTMENT, ORANGE COUNTY LEGAL AID STAFF AND ORANGE COUNTY COURT

■ The plaintiff challenges the legality of his arrest and interrogation by the Newburgh Police Department. His principal claims are that he was questioned in violation of his constitutional rights and misled by acts constituting "entrapment" by police officers, who allegedly offered a "deal" in return for his statements, resulting in an illegal confession. The plaintiff also contends that an officer tampered with key evidence in his criminal trial.

The plaintiff's complaint against the Orange County Court seems to be that he was denied due process with respect to his writ of habeas corpus and his criminal indictment, and denied the opportunity to present a fair defense at his trial. The plaintiff further claims that the court's failure to advise him of his availability of appellate review violated his constitutional rights. He also complains of other allegedly improper acts by the Orange County Court.

---

1. In the same action the plaintiff brought suit against the New York Department of Parole and the Orange County Supreme Court. The claims against these defendants were dismissed by an order of this court, dated September 9, 1980, for failure of the plaintiff to exhaust state remedies.

2. Due to inadvertence, a motion to dismiss was not filed on behalf of the Orange County Court. However, this court will consider the propriety of a dismissal as to that defendant *sua sponte*. *See, e. g., Greene v. Board of Veterans Appeals*, No. 78 Civ. 1870 (S.D.N.Y. Aug. 10, 1979) (slip opinion).

The plaintiff charges that improper representation and malpractice by attorneys for the Orange County Legal Aid Staff violated his constitutional rights and deprived him of an adequate defense. He also alleges that there was a conspiracy between his Legal Aid attorneys and the prosecutorial staff of Orange County, with the intent to deprive him of his civil rights, as well as a breach of the attorney-client privilege by the defendant attorneys.

The defendants contend that the plaintiff's claims challenge the legality of his confinement, and should properly be brought in a habeas corpus petition. Since such an action is barred in the federal courts by the plaintiff's failure to exhaust state remedies, defendants argue, the action must be dismissed. This court agrees with the argument presented by the defendants.

In *Preiser v. Rodriquez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973), the Supreme Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus," thus triggering the exhaustion rule. 411 U.S. at 490–92, 93 S.Ct. at 1836, 1837. In examining the legislative history of the Civil Rights Act, the *Preiser* Court concluded that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, *and that specific determination must override the general terms of § 1983.*" 411 U.S. at 490, 93 S.Ct. at 1836 (emphasis supplied). As the Court noted, the exhaustion rule in federal habeas corpus actions, codified in 28 U.S.C. § 2254, is based upon considerations of federal-state comity. "The strong considerations of comity that require giving a state court system that has convicted a defendant the first opportunity to correct its own errors thus also require giving the States the first opportunity to correct the errors made in the internal administration of their prisons." 411 U.S. at 492, 93 S.Ct. at 1837 (citations omitted); *accord, Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Fulford v. Klein*, 529 F.2d 377 (5th Cir. 1976), *aff'd on issue of exhaustion*, 550 F.2d 342 (5th Cir. 1977) (en banc, per curiam).

Although *Preiser* specifically limited its holding to cases in which equitable relief, and not monetary damages, were sought,[3] many subsequent decisions have held that where a prisoner's suit for monetary damages under § 1983 would require a federal court to rule upon the validity of a state criminal conviction, the exhaustion requirement should likewise be applicable. *Meadows v. Evans*, 529 F.2d 385 (5th Cir. 1976), *aff'd*, 550 F.2d 345 (en banc, per curiam), *cert. denied*, 434 U.S. 969, 98 S.Ct. 517, 54 L.Ed.2d 457 (1977); *Fulford v. Klein, supra; Guerro v. Mulhearn*, 498 F.2d 1249 (1st Cir. 1974); *Doe v. Russotti*, 503 F.Supp. 942 (S.D.N.Y.1980) (memorandum opinion); *Won v. People of New York*, No. 77 Civ. 3743 (S.D.N.Y. Jan. 29, 1979); *Holland v. Rubin*, 460 F.Supp. 1051 (E.D.N.Y.1978); *cf., Cicero v. Oligati*, 410 F.Supp. 1080 (S.D.N.Y.1976) (*Preiser* interpreted as requiring exhaustion of state remedies where § 1983 suit is "close to the core" of habeas corpus); *Williams v. Ward*, 556 F.2d 1143 (2d Cir. 1977) (plaintiff permitted to maintain

---

**3.** The *Preiser* Court limited its holding as follows:

> [o]ur holding today is limited to [equitable relief.] If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus. In the case of a damage claim, habeas corpus is *not* an appropriate or available federal remedy.... [A] damages action by a state prisoner could be brought under the Civil Rights Act in federal court without any requirement of prior exhaustion of state remedies.

411 U.S. at 494, 93 S.Ct. at 1838 (citations omitted).

It thus appears that the *Preiser* Court was not even addressing a situation where a prisoner, in asserting claims for damages under § 1983, is by necessity asking the court to pass judgment upon the legality of the fact or duration of his confinement.

§ 1983 action for injunctive relief from allegedly false information in his prison files; fact or duration of his confinement not an underlying issue). *Contra, Glinton v. Carey,* No. 78 Civ. 819 (S.D.N.Y. Jan. 26, 1977).

This court agrees that the appropriate remedy in such situations is a writ of habeas corpus, notwithstanding the fact that the plaintiff may choose to characterize his suit as a § 1983 action for "damages." Moreover, in the present action the plaintiff, while requesting monetary damages, has specifically asked the court to review the constitutionality of the defendants' acts by way of declaratory relief and ordering a new trial.

■ Since the determination of the plaintiff's claims against the Newburgh Police Department, the Orange County Legal Aid Staff and the Orange County Court will necessarily involve a decision on the validity of his state conviction, we hold that the plaintiff must bring his claim in the form of a petition of habeas corpus, after exhausting his available state remedies. Although the plaintiff has brought habeas corpus actions as far as the Orange County Supreme Court, it cannot be said that state remedies have been *exhausted* until the *highest* court of the state has had "a fair opportunity" to consider the plaintiff's claims and to "correct that asserted constitutional defect" in the plaintiff's conviction. *Picard v. Connor, supra,* 404 U.S. at 276, 92 S.Ct. at 512; *accord, Guerro v. Mulhearn, supra; cf., Gruttola v. Hammock,* No. 78 Civ. 3940 (S.D.N.Y. June 12, 1980). Plaintiff's claims against these defendants are therefore dismissed, without prejudice to the plaintiff's maintaining a future action for monetary damages and for a federal writ of habeas corpus, after exhausting his state remedies.

■ The Legal Aid Staff also argues that the plaintiff failed to state a cause of action against it since the alleged acts did not involve state action. The court notes that it cannot adopt this position. While a court-appointed attorney defending an indigent client involves a private relationship, which does not reach the threshold requirement of state action, *Lefcourt v. Legal Aid Society,* 445 F.2d 1150 (2d Cir. 1971); *Harris v. Ward,* 418 F.Supp. 660 (S.D.N.Y.1976), it is also true that willful participation by a private individual, such as an attorney, in joint activity with the state or its agents in order to deprive one of constitutionally protected rights has been held to create a cause of action under § 1983. *Fine v. City of New York,* 529 F.2d 70 (2d Cir. 1975); *see United States v. Price,* 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966).

## II. PLAINTIFF'S CLAIMS AGAINST SHERIFF SHERWOOD

■ Finally, the plaintiff alleges that defendant Sherwood as Sheriff of the Orange County Jail violated his constitutional rights. While many of the plaintiff's grievances may be insubstantial, we find that meritorious claims have been presented in several important areas. Principally, the plaintiff charges that the defendant, through his agents, has interfered with the plaintiff's access to the courts through such acts as obstruction of plaintiff's use of the copying machine, the law library, legal supplies, and so forth, and threats in connection with the plaintiff's pursuit of legal redress. Most seriously, the plaintiff alleges he was threatened at gunpoint by an officer of the Orange County Jail in connection with his legal complaints against Sheriff Sherwood. Further, the plaintiff charges that he was assaulted and maced and was singled out for punishment by jail officials because of his "association with the law books." Liberally construed, the complaint alleges that defendant Sherwood was responsible for these actions and that, through his subordinates, he tried to force the plaintiff to withdraw plaintiff's suit against him. The plaintiff also charges that his legal papers were confiscated; however, it is not clear whether the plaintiff was in the custody of Sherwood at that time.

Defendant Sherwood has moved for dismissal for failure to state a claim upon which relief can be granted. He also claims that there were no actionable allegations involving him, nor can the relief be granted,

since the plaintiff is no longer incarcerated in a jail supervised by Sherwood.

■ First, we note that since the plaintiff is challenging the *conditions* of his confinement, instead of the fact or duration thereof, he is not required to exhaust state remedies as a pre-requisite to bringing a § 1983 action. *Preiser v. Rodriquez, supra; Meadows v. Evans, supra; Fulford v. Klein, supra.* In addition to declaratory and injunctive relief, the plaintiff has requested money damages under § 1983. Therefore, the court does not accept the defendant's argument that the plaintiff's claims are moot merely because he is no longer incarcerated in the Orange County Jail.

In *Corby v. Conboy*, 457 F.2d 251 (2d Cir. 1972), the court held that interference with a prisoner's ability to prepare legal papers, such as refusing access to the prison law library and typewriter, and by placing him in segregated confinement under degrading conditions for refusal to cease legal activities, constituted a cause of action under 42 U.S.C. § 1983. "Prisoners no less than other persons have a constitutional right of access to the courts, . . . and prison authorities may neither place burdens on that right . . . nor punish its exercise." 457 F.2d at 253 (citations omitted). *See also Hiney v. Wilson*, 520 F.2d 589 (2d Cir. 1975). It has also been stated that "[t]here is no doubt that a threat by prison authorities to punish or the actual punishment of an inmate for taking legal action infringes upon that inmate's constitutional rights," thus precluding summary judgment. *De Jesus v. Ward*, 441 F.Supp. 215, 219 (S.D.N.Y.1977) (citations omitted). Further, an unprovoked attack on an inmate by a prison guard may constitute a cause of action under § 1983, depending on factors such as the necessity and amount of force and whether it was applied in good faith, or maliciously and sadistically for the purpose of causing harm. *Johnson v. Glick*, 481 F.2d 1028 (2d Cir.), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973); *see Fowler v. Vincent*, 452 F.Supp. 449 (S.D.N.Y.1978).

■ In *Johnson v. Glick, supra*, the court noted that in order to recover monetary damages under § 1983, "the general doctrine of *respondeat superior* does not suffice and a showing of some personal responsibility of the defendant is required." 481 F.2d at 1034. Unlike the plaintiff in *Johnson*, the plaintiff in the action before this court alleges sufficient personal responsibility and authorization on the part of the defendant Sherwood in his supervisory capacity at the Orange County Jail to state a claim against Sherwood himself. Thus with respect to defendant Sherwood, the plaintiff has alleged facts which, if true, amount to serious violations of his constitutionally protected rights, and the motion to dismiss with respect to this defendant is therefore denied.

■ The plaintiff has also requested that an attorney be appointed to assist him in the preparation of this lawsuit. Since we find that the plaintiff's allegations against Sherwood are sufficient to state a cause of action, plaintiff's motion for appointment of legal counsel is hereby granted.

SO ORDERED.