Anthony COOK, Plaintiff,

v.

The CITY OF NEW YORK; Edward I. Koch, Mayor; New York City Police Department; Police Officer Paul Amundson; Police Officer Ervon Ludvig; New York City Department of Corrections; Warden Vernon Baines, Bronx House of Detention for Men; Corrections Captain J. Lesser; Corrections Officer J. Rosado; Mario Merola, Bronx County District Attorney; Laurence Lebowitz, Assistant District Attorney, Defendants.

No. 83 Civ. 1857 (WCC).

United States District Court, S.D. New York.

May 1, 1985.

Anthony Cook, pro se.

Frederick A.O. Schwarz, Jr., Corp. Counsel for City of New York; New York City, for defendants; Antonia Levine, Robert Ligansky, Asst. Corp. Counsels, New York City, of counsel.

## WILLIAM C. CONNER, District Judge:

Plaintiff Anthony Cook ("Cook"), an inmate at the Green Haven Correctional Facility, brought this *pro se* action under 42 U.S.C. § 1983 against various police and corrections officers alleging that they violated his constitutional rights while he was being held at the Bronx House of Detention for Men pending trial. In particular, Cook alleges that these officials unlawfully seized a telephone/address book from his cell without a valid search warrant. He contends that this seizure deprived him of (1) his Fourth Amendment right to be free from unreasonable searches and seizures; (2) his Fourteenth Amendment right not to be deprived of his property without due process of law; (3) his Eighth Amendment right to be free of cruel and unusual punishment; and (4) his Sixth Amendment right to compulsory process, since the address book contained the names and addresses of witnesses he intended to call at his trial.

In an Opinion and Order dated January 5, 1984, familiarity with which is presumed, this Court denied a motion by defendants to dismiss plaintiff's complaint. *See Cook v. City of New York*, 578 F.Supp. 179 (S.D. N.Y.1984). At that time, I ruled that while prison officials need not secure a search warrant before making a search of a prisoner's cell, such a search could, under some circumstances, violate the Fourth Amendment. I did not address the sufficiency of plaintiff's Sixth, Eighth, and Fourteenth Amendment claims because defendants presented no arguments with respect to them. Defendants have now renewed their motion to dismiss the Fourth Amendment claim in light of the recent Supreme Court decision, *Hudson v. Palmer*, —— U.S. ——, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), and have moved to dismiss the other claims as well. For the reasons stated below, defendants' motion is granted.

### A. *Cook's Fourth and Fourteenth Amendment Claims*

In *Hudson v. Palmer*, an inmate brought a § 1983 suit against a corrections officer who had made a warrantless search of the inmate's cell and, in the process, destroyed some of the inmate's personal belongings. The Supreme Court held that the defendant was entitled to summary judgment because: (1) an inmate has no reasonable

expectation of privacy in his prison cell entitling him to Fourth Amendment protection, 104 S.Ct. at 3200, and (2) an unauthorized intentional deprivation of an inmate's property does not constitute a violation of the due process clause if a meaningful postdeprivation remedy for the loss is available under state law. *Id.* 104 S.Ct. at 3203. *Hudson* clearly disposes of Cook's Fourth and Fourteenth Amendment claims.

First, with respect to the search and seizure issue, the facts of this case are closely similar to those of *Hudson.* The only arguable difference between the two cases is that Cook was a pre-trial detainee at the time of the alleged violation, while the inmate in *Hudson* was a convicted prisoner. This difference, however, is not significant. The Supreme Court's reasoning in *Hudson* that "[a] right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order," 104 S.Ct. at 3201, cannot be limited to institutions housing convicted persons. "Security and internal order" must also be maintained in institutions holding persons awaiting trial. Thus, I conclude that the holding and reasoning of *Hudson* bar Cook's Fourth Amendment claim here.

*Hudson* also bars Cook's Fourteenth Amendment due process claim since Cook has a meaningful postdeprivation remedy for the alleged loss of his address book. Defendants have denied taking Cook's book, and therefore it would appear pointless for Cook to pursue the procedures set out in § 435–4.0 of the Administrative Code of the City of New York, which provides for the recovery of items deposited with the police property clerk. However, Cook does have a state law cause of action against defendants for negligence, replevin, or conversion which could fully compensate him for his alleged property loss. Accordingly, I conclude that Cook has a meaningful postdeprivation remedy, *see Parratt*

*v. Taylor,* 451 U.S. 527, 543–44, 101 S.Ct. 1908, 1916–17, 68 L.Ed.2d 420 (1981), and that his due process claim must therefore be dismissed.

**B.** *Cook's Eighth Amendment Claim*

Cook's cruel and unusual punishment claim is similarly without merit. It is well-settled that a governmental act does not constitute an Eighth Amendment violation unless it is "barbarous" or "shocking to the conscience." *Sostre v. McGinnis,* 442 F.2d 178, 191 (2d Cir.1971), *cert. denied,* 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740 (1972). Cook's claim that his address book was illegally seized does not even approach this standard. Therefore, his Eighth Amendment claim must be dismissed.

**C.** *Cook's Sixth Amendment Claim*

Plaintiff's Sixth Amendment claim must be dismissed as well. As I mentioned above, Cook contends that defendants violated his Sixth Amendment right of compulsory process because the address book they allegedly seized contained the names and addresses of witnesses he intended to call at his trial. In effect, Cook claims that the seizure of his address book precluded him from producing necessary, and by implication exculpatory, witnesses.

Notwithstanding Cook's decision to style this action as one for monetary damages under 42 U.S.C. § 1983, his Sixth Amendment claim can only be construed as a challenge to the validity of his state court conviction. Accordingly, it is well established that Cook's sole federal remedy is to petition for a writ of habeas corpus. *See Carter v. Newburgh Police Dep't,* 523 F.Supp. 16, 19 (S.D.N.Y.1980), and the numerous cases cited therein. Of course, a federal court may not entertain a habeas corpus petition unless the petitioner first exhausts his state court remedies. Cook evidently has not presented his Sixth Amendment claim to the state courts,[1] and

1. I note that plaintiff's conviction appears to have been entered on a guilty plea. Thus, he

may have waived any right to raise his Sixth Amendment claim in a subsequent habeas cor-

therefore, even if I could convert this action for damages into a petition for a writ of habeas corpus, I could not entertain this claim now.

For the reasons stated above, defendants' motion to dismiss the complaint is granted, and the Clerk of the Court is directed to enter judgment in favor of defendants.

SO ORDERED.

pus petition. *See Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973). Therefore, Cook may have no federal remedy for the alleged violation, but I need not and do not address that issue.