M. Antonette
CAROLLO–GARDNER, Plaintiff,

v.

DINERS CLUB, Defendant.

M. Antonette
CAROLLO–GARDNER, Plaintiff,

v.

Ross ANDERSON and International
Diamond Distributors, Defendants.

M. Antonette
CAROLLO–GARDNER, Plaintiff,

v.

FINDERS KEEPERS, N.Y., Defendant.

M. Antonette
CAROLLO–GARDNER, Plaintiff,

v.

Dolores E. CROSS, Defendant.

M. Antonette
CAROLLO–GARDNER, Plaintiff,

v.

Kenneth E. PAGE, Defendant.

Nos. 85 CV 4638, 85 CV 4639, 85 CV
4641, 86 CV 182 and 86 CV 183.

United States District Court,
E.D. New York.

Jan. 21, 1986.

M. Antonette Carollo-Gardner, pro se.
[No appearances by defendants]

## MEMORANDUM AND ORDER

PLATT, District Judge.

These five civil rights actions brought by the plaintiff contain similar allegations and have been consolidated by the Court for the purposes of this opinion.

Mrs. Carollo-Gardner, the plaintiff in these five actions, is not a stranger to this Court. In 1984 Mrs. Carollo-Gardner brought an action against the New York State Board of Higher Education. In that instance Mrs. Carollo-Gardner also proceeded *pro se* and *in forma pauperis*. The case was discontinued by plaintiff four months after it was commenced and this Court ordered entry of dismissal on June 29, 1984. *Carollo-Gardner v. New York State Board of Higher Education*, No. 84–1162, slip op. (E.D.N.Y. June 29, 1984).

Mrs. Carollo-Gardner now returns to this forum, seeking leave to proceed *in forma pauperis* against the five named defendants in the above-captioned actions. A brief synopsis of each of these cases must precede a discussion of the law governing their disposition.

In *Carollo-Gardner v. Diners Club*, No. 85–4638 (E.D.N.Y. filed Dec. 27, 1985), plaintiff asserts the following statutory violations:

Action in violations of civil rights pursuant to 42 U.S.C. 1983 and U.S.C. 1343....

Community Relations—

Conspiricy [sic]—District Courts Jurisdiction Statuet [sic] 28–1343

Statuet 18–241—Injuring & oppressing free exercise or enjoyment.

Statuet 42–1985—Deprivation.

Statuet 42–1995—Contempt.

Statuet 42–2000h-1—Double Jeopardy.

Statuet 18–242—Discrimination on account of the plaintiff being married to an Englishman alien residing in the USA, New York city.

Statuet 42–2000e—Disclosure of Credit 5 and 8 Information investigation unanswered.

Complt. at ¶¶ 2, 3.

The factual allegation giving rise to the complaint was an apparent lack of response by Diners Club to plaintiff's letter and phone calls regarding plaintiff's request to cancel her charge account. Defendant's actions, according to plaintiff, were motivated by alien discrimination against her husband, an English citizen. Plaintiff seeks $10,000 damages from Diners Club and an injunction prohibiting further harassment and discrimination.

*Carollo-Gardner v. Ross Anderson and International Diamond Distributors*, No. 85–4639 (E.D.N.Y. filed Dec. 27, 1985), cites the same statutory violations. In this case the allegations include "perpetual misspelling of my name, cultural name offense ... per documents or envelopes to me bears a name 'Sandez'." Complt. at ¶ 3. Apparently Mr. Anderson ignored plaintiff's request to remove her name from the company's mailing list. Again, plaintiff claims these actions were motivated by a "conspiricy [sic] in alien discrimination of plaintiff and spouse." In this case plaintiff seeks $50,000 damages and injunctive relief.

The third case, *Carollo-Gardner v. Finders Keepers N.Y.*, No. 85–4641 (E.D. N.Y. filed Dec. 27, 1985), recites the same statutory violations with the addition of "42–20001–6 Equal Employment Violation—unlawful practices, tampering with plaintiff's name and social security number. Career and Christian abuse before Christmas. 42—1975b Compensation—especially financial." Complt. at ¶ 3. Plaintiff avers that "[e]vidence of Finders Keepers wrapping bags, and my photocopies of the actual time card during employment, shoold [sic] serve as proof these people took part in marring my character in New York City, Long Island, and the State of New Jersey, regarding clothing and related fields." Complt. at ¶ 4. Plaintiff demands $50,000 damages and injunctive relief.

*Carollo-Gardner v. Cross*, No. 86–182 (E.D.N.Y. filed Jan. 16, 1986), contains plaintiff's customary statutory violations and demands $85,000 in damages plus injunctive relief. The rambling and incoherent body of the complaint is photocopied and appended to this opinion as Appendix A.

The fifth and final action is against Kenneth E. Page. *Carollo-Gardner v. Page*, No. 86–183 (E.D.N.Y. filed Jan. 16, 1986). Defendant, in correspondence with plaintiff, allegedly wilfully misspelled plaintiff's name, and kept the letter in office files at the Attorney General's Office. Such actions, according to plaintiff, "signify a racial disorder and coercion with Jews." Complt. at ¶ 3. Plaintiff seeks $80,000 damages, a protective order and any further relief the Court may deem appropriate.

## DISCUSSION

Section 1915 of Title 28 of the United States Code authorizes proceedings *in forma pauperis*.[1] It also confers power on the courts to either: (1) "request an attorney to represent any such person unable to employ counsel"; or (2) "dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1982).

Consideration of whether a *pro se* plaintiff should be permitted to proceed *in forma pauperis* is a two step process. Initially the court must decide whether plaintiff's economic status warrants waiver of fees and costs under § 1915(a). If the plaintiff is in fact impoverished,[2] the court must permit the complaint to be filed. Second, the court must determine if the complaint is frivolous or malicious. If it is, then dismissal is appropriate under § 1915(d).[3] *See Martin-Trigona*[4] *v. Stewart*, 691 F.2d 856, 857 (8th Cir.1982). In this case plaintiff's limited assets and income reported in her pauper's affidavit in-

---

1. Section 1915(a) provides in pertinent part:

   (a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

2. One need not be penniless to invoke the statute. *See, e.g., Gift Stars, Inc. v. Alexander*, 245 F.Supp. 697 (S.D.N.Y.1965).

3. The Advisory Committee's commentary to § 1915(d) recommended "dismissal with no opportunity to respond when the complaint is irreparably frivolous or malicious." *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir.1982).

4. To those who follow the business of the courts, Mr. Martin-Trigona is a familiar plaintiff. He has filed hundreds of lawsuits, distinguished only by their utter lack of legal merit. For a list of appeals involving Martin-Trigona before the Second Circuit from 1980 to 1984, see *In re Martin-Trigona*, 737 F.2d 1254, 1270–74 (2d Cir.1984). Such a plaintiff aptly demonstrates why a federal court must act as more than a neutral arbiter of disputes between private parties. A court must also defend its jurisdiction and its constitutional function. The Second Circuit has endorsed this principle, stating that: "The United States Courts are not powerless to protect the public, including litigants ... from the depredations of those ... who abuse the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive ... proceedings." *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir.1981), *cert. denied*, 455 U.S. 1018, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982).

dicate that plaintiff is entitled to proceed without paying the usual fees. The Court, therefore, must consider the second requirement of § 1915 before allowing plaintiff to litigate these cases.

■ A brief exposition of the dismissal standard under § 1915(d) is helpful at the outset because it differs from that under Rule 12(b)(6). Congress has empowered the courts under § 1915(d) to dismiss *sua sponte*, and without issuance of process, any frivolous or malicious suit in order to curtail abuses of the § 1915(a) privilege. Compelling reasons justify this *in forma pauperis* standard. As one court distilled the policy considerations:

> Persons proceeding *in forma pauperis* are immune from imposition of costs if they are unsuccessful; and because of their poverty, they are practically immune from later tort actions for 'malicious prosecution' or abuse of process. Thus indigents, unlike other litigants, approach the courts in a context where they have nothing to lose and everything to gain.

*Jones v. Bales,* 58 F.R.D. 453, 463–64 (N.D. Ga.1972) (emphasis omitted), *aff'd,* 480 F.2d 805. (5th Cir.1973).

■ Sound judicial policy dictates that a district court may dismiss any "frivolous" *in forma pauperis* complaint. For the purposes of this section, a "frivolous" action "is one in which the plaintiff's chances of success are slight." *Sims v. Zolango,* 481 F.Supp. 388, 391 n. 1 (S.D.N.Y.1979).

■ A review of the allegations set forth in plaintiff's complaints, even construed in the light most favorable to plaintiff, as we are compelled to do, reveals only confused and conclusory allegations to justify her claims for damages.[5] Much as this Court can sympathize with plaintiff's annoyance

at receiving correspondence with her name misspelled, or being deluged with unwanted commercial mailings, or experiencing delayed responses from corporate correspondents, such inconveniences are part of the toll of modern life. Plaintiff's problem with Diners Club is only the unexpected additional price extracted in exchange for the convenience of an all-purpose charge card. These minor indignities, frustrating as they may be, happen to each and every one of us. They are not reflective of a conspiracy or discrimination, nor do they amount to a violation of any constitutional right, privilege or immunity or of any law of the United States with which this Court is familiar.

■ An equally critical deficiency in plaintiff's pleadings is the failure to allege any State action. It is fundamental that "in order to state a cause of action under 42 U.S.C. § 1983, plaintiffs must allege *state action* that deprives them of a right secured by the Constitution and laws of the United States." *Schachter v. Whalen,* 581 F.2d 35, 36 (2d Cir.1978) (emphasis added). *See also Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Wyler v. United States,* 725 F.2d 156, 159 (2d Cir.1983).

In sum, plaintiff's chances of prevailing in a § 1983 action are "slight" or virtually nil, and this Court hereby dismisses these actions.

■ The Court has been informed by the Court Clerk's Office that plaintiff has five more complaints waiting in the wings to be filed. In light of this indication of plaintiff's unsatisfied litigious yen, the Court further orders that plaintiff, or her representatives or agents, may not file any further civil actions without leave of the

---

**5.** It is the law of this Circuit that "[c]omplaints relying on the civil rights statutes are plainly insufficient unless they contain some specific allegations of fact indicating a deprivation of civil rights, rather than state simple conclusions." *Koch v. Yunich,* 533 F.2d 80, 85 (2d Cir.1976). To permit such vague and unsubstantiated complaints as these to escape dismissal would, in the words of one court, place "an

unwarranted burden of defense ... on the [defendants].... Although pro se civil rights complaints must be viewed with some latitude, liberal construction of pleadings should not be permitted to override completely the rights of defendants." *Morpurgo v. Board of Higher Education in City of New York,* 423 F.Supp. 704, 713 (S.D.N.Y.1976).

Court. In seeking leave of the Court from the Miscellaneous Judge, plaintiff must certify that her allegations are bona fide and are pleaded with a reasonable degree of particularity. A failure so to certify or a false certification will be regarded as a contempt of this Court and punishable as such. When and if any subsequent papers are submitted to the Miscellaneous Judge, a copy of this Order should accompany them.

Orders of this kind have been employed by numerous district courts which "have had to respond with determination and imagination" to litigants "with a fanatical desire to flood the courts," and who are "armed with an *in forma pauperis* statute and the United States Constitution." *In re*

*Green,* 669 F.2d 779, 786 (D.C.Cir.1981). Such an order is appropriate because it offends neither the statute nor the Constitution. Plaintiff is free to seek to proceed in this Court *in forma pauperis,* but must satisfy the terms of this Order as well as the statute. Such a condition is not unduly onerous or burdensome, and hence, in no way impedes plaintiff's right of access to the courts. *See In re Green, supra.*

## CONCLUSION

For the reasons herein set forth, plaintiff's five cases are dismissed and no further papers will be accepted for filing in this Court without the prior permission of the presiding Miscellaneous Judge.

SO ORDERED.

## APPENDIX A