793 F.2d 1290
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
HUGH KYLE BELL, Plaintiff-Appellant,
v.
LEE DAN STONE, III,
 85-5142
 United States Court of Appeals, Sixth Circuit.
 5/6/86
 
 AFFIRMED
 E.D.Tenn.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE
 BEFORE: LIVELY, Chief Judge; MERRITT and JONES, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this case the plaintiff brought suit against his former court-appointed counsel under 42 U.S.C. Sec. 1983. The plaintiff was convicted in the underlying state court criminal proceedings and in this lawsuit he charged his former attorney with malpractice with respect to the appeal of the conviction.
 
 
 2
 The district court dismissed the complaint, finding that the plaintiff's attorney, although court appointed, was acting as a private citizen and that his acts were not performed under color of state law. On appeal the plaintiff relies on the district court case, Carter v. Newburgh Police Department, 523 F. Supp. 16 (S.D. N.Y. 1980). Reliance on this case is misplaced as a careful reading of the decision discloses that it recognized a cause of action against a court-appointed attorney only if there is an allegation that the attorney acted in concert with the state or its agents to deprive a plaintiff of constitutionally protected rights. In the present case the plaintiff did not allege a conspiracy with the state or joint action with the state or state agents and thus the complaint failed to allege one of the essential elements of a cause of action under section 1983, that the defendant acted under color of state law.
 
 
 3
 The judgment of the district court is affirmed.