Jose F. **MOLINA,** Plaintiff,

v.

The **STATE OF NEW YORK,** and George Pataki, Governor, Defendants.

No. 95–CV–534 (JRB).

United States District Court, E.D. New York.

Dec. 27, 1995.

See also, 956 F.Supp. 261.

Jose F. Molina, Malone, NY, Pro Se.

### MEMORANDUM–DECISION AND ORDER

BARTELS, District Judge.

Defendants New York State and Governor George Pataki (collectively "Defendants") move to dismiss plaintiff Jose F. Molina's *pro se* complaint in this 42 U.S.C. § 1983 and 18 U.S.C. § 1961 *et seq* ("RICO") action. Defendants move to dismiss under Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure for lack of jurisdiction over the subject matter of this action under the Eleventh Amendment and failure to state a claim under § 1983 or RICO upon which relief can be granted.

### Background

Molina instituted the above-captioned action by *pro se* complaint dated January 29, 1995. Construing Molina's complaint as liberally as possible, as required by *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) and *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), he seems to claim, in essence, that his state court convictions resulted from a con-

spiracy between the courts "in conjunction of [sic] public and law enforcement employees" and malicious prosecution by the arresting officer. (Complaint at 1).

Specifically, Molina claims that the New York State Court System, allegedly under the direction of former Governor Mario Cuomo, "utilized the law as a weapon to segregate the minorities." (Complaint at 2). Molina states:

The claim is simple and straight forward. The claim is stated as follows: Plaintiff claims R.I.C.O., "Malicious Prosecution", conspiracy and his right to waive right to counsel of his right to counsel clause of the United States Constitution and the way the law is administered by the order of the Queens Supreme, Family justices ... and the appellates justices ... including the Clerk of the Court ... for misplacing petitions and for ignoring Plaintiff's brief (two years) on behalf of former Governor Mario Cuomo, also, Plaintiff defense counsel who conspired and broke confidentiality.

Plaintiff contends the present way the Queens Court System administer cases infringed and violated the rights of Plaintiff, only by declaring the convictions dismissed it could be said that real and fair justice was applied to an innocent man. (Complaint at 2-3) (errors in original)

The circumstances giving rise to this action seem to be a number of convictions and proceedings in Queens. First, in Family Court, Molina apparently lost custody of his children. Then, on June 1, 1989, Molina was convicted by a jury in Supreme Court, Queens County (Golia, J.) of six counts of sexual abuse in the first degree, two counts of sodomy in the third degree, rape in the third degree, and four counts of endangering the welfare of a child. The judgement was subsequently affirmed on appeal to the Appellate Division, Second Department of the Supreme Court *People v. Molina*, 200 A.D.2d 772, 608 N.Y.S.2d 861 (N.Y.App.Div.1994) and further appeal was denied by the New York Court of Appeals. *People v. Molina*, 83 N.Y.2d 969, 616 N.Y.S.2d 22, 639 N.E.2d 762 (1994).

The essence of Molina's allegations seem to be that his convictions and loss of custody stem from an alleged conspiracy headed by former Governor Cuomo which sought to build more prisons and segregate minorities—a goal allegedly reached through unconstitutional convictions. (Complaint at 6–7)

Molina now seeks 1) dismissal of his convictions based on violations of Molina's "civil and constitutional rights under the color of state law" (*Id.* at 8); 2) declaratory judgment in the nature of immediate release from custody; 3) court ordered national and international media coverage (*Id.* at 8); 4) $20,000,000 damages (*Id.* at 8–9); 5) a court ordered jury trial of the members of the alleged conspiracy, including, but not limited to, the defendants named in this action, and others of Italian descent who he claims conspired against him (*Id.* at 9); 6) an investigation of Cuomo's political appointments (*Id.* at 9); 7) an interview with an international human rights commission (*Id.* at 9); 8) assignment of counsel in this action (*Id.* at 10); 9) leave to proceed *in forma pauperis* (*Id.* at 10); and 10) for the court expedite decision in this matter (*Id.* at 10).

Upon a preliminary reading of Molina's complaint, by order dated February 15, 1995, this Court granted Molina's application to proceed *in forma pauperis*.

In response to Molina's complaint and in lieu of an answer, New York State and Pataki move for dismissal of this action under Federal Rule 12(b)(1) and (6) for lack of jurisdiction over the subject matter of this action under the Eleventh Amendment and failure to state a claim under § 1983 or RICO upon which relief can be granted.

### Discussion

Viewing Molina's papers liberally, accepting the allegations as true, and construing all reasonable inferences in favor of Molina, the Court finds no set of facts, beyond vague and conclusory allegations, which would entitle Molina to the relief he seeks. This Court need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist.

In essence, Molina's claim appears to be that his state court convictions as well as the

affirmance on appeal stem from ambiguous and unsubstantiated constitutional deprivations at trial which were the result of an alleged conspiracy headed by Cuomo to imprison minorities so as to award lucrative prison construction contracts, presumably to other members of the alleged conspiracy. Molina, however, offers no factual support to his conspiracy allegations, but only his own conclusory statements.

■ To the extent that Molina sees constitutional violations in his state court convictions (a claim not readily discernable), *habeas corpus* relief serves as his sole possible federal remedy, although he does not pursue it here. *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973); *Cook v. City of New York,* 607 F.Supp. 702, 704 (S.D.N.Y.1985); *Carter v. Newburgh Police Dep't,* 523 F.Supp. 16, 19 (S.D.N.Y.1980) (see case cited therein). Section 1983 and RICO are improper mechanisms for the relief Molina seeks. Therefore, Molina's complaint must be dismissed.

Additionally, even if the Court did not dismiss the action for the foregoing reason, Molina has not met the pleading requirements for either RICO or § 1983.

■ First, the specific threshold pleading requirements of a private action under § 1962 of RICO were set forth in *Moss v. Morgan Stanley Inc.,* 719 F.2d 5, 17 (2d Cir.1983), *cert. denied sub nom. Moss v. Newman,* 465 U.S. 1025, 104 S.Ct. 1280, 79 L.Ed.2d 684 (1984). Molina has failed to even name a section of the RICO statute in his papers, much less meet the particularized requirements delineated in *Moss,* therefore, his complaint must be dismissed.

■ Second, § 1983 claims must be supported by "more than conclusory allegations to avoid dismissal of a claim predicated on a conspiracy to deprive [plaintiff] of his constitutional rights." *Polur v. Raffe,* 912 F.2d 52, 56 (2d Cir.1990), *cert. denied* 499 U.S. 937, 111 S.Ct. 1389, 113 L.Ed.2d 446 (1991); *See also Ostrer v. Aronwald,* 567 F.2d 551, 553 (2d Cir.1977) (per curiam) and cases cited therein. Molina has failed to provide this support, and therefore his complaint must be dismissed.

■ Additionally, even if the Court did not dismiss the action for the foregoing reasons, New York State and its officials acting in their official capacity, have immunity in federal court under the Eleventh Amendment. *Garcia v. Munoz,* No. 94 Civ. 7940, 1995 WL 498777 at *2 (S.D.N.Y. Aug. 21, 1995); *See also Edelman v. Jordan,* 415 U.S. 651, 662, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974); *Ying Jing Gan v. City of New York,* 996 F.2d 522, 529 (2d Cir.1993).

■ Because Molina names Pataki as a defendant but does not accuse him of anything and accuses Cuomo but does not name him in the caption, the only possible conclusion is that Molina sues Pataki in his official capacity. Neither RICO nor § 1983 override New York's Eleventh Amendment immunity and New York has not consented to such suits in federal court. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 2309–10, 105 L.Ed.2d 45 (1989) (Section 1983 does not manifest a clear intention to preempt, and thus does not override, the historic immunity of the States, 491 U.S. at 66–71, 109 S.Ct. at 2308–12); *Depuy v. New York State Division of Police,* No. 91 CV 1237, 1994 WL 171515, at *1 (N.D.N.Y. Apr. 28, 1994); *Edelman v. Jordan,* 415 U.S. 651, 662, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974); *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 142–43, 113 S.Ct. 684, 687, 121 L.Ed.2d 605 (1993); *Welch v. Texas Dep't of Highways and Public Transp.,* 483 U.S. 468, 480, 107 S.Ct. 2941, 2949–50, 97 L.Ed.2d 389 (1987) (plurality opinion). Accordingly, Molina's § 1983 claim is dismissed.

■ Although there is little caselaw regarding state immunity to RICO claims, the Court is persuaded by the argument articulated in *Productions & Leasing v. Hotel Conquistador,* 573 F.Supp. 717, 720 (D.Nev. 1982), *aff'd,* 709 F.2d 21 (9th Cir.1983) that "[w]ithout a clear showing that Congress intended abrogation of the Eleventh Amendment governmental immunity, this Court will not infer that the RICO Act deprives the State [ ] of its protection." Accordingly, Molina's RICO claim is dismissed.

Molina's assertions of malicious prosecution and denial of his right to waive counsel

find no factual support in any of his papers, and therefore these claims are dismissed.

Because the Court dismisses Molina's complaint it need not appoint counsel [1].

In his opposition papers, Molina moves to amend his complaint. Although Rule 15(a) directs that "leave [to amend] shall be freely given when justice so requires," if a claim is frivolous on its face, the court need not permit the amendment. Here, Molina has alleged nothing new in his motion to amend, and the Court finds that his proposed amendment is meritless and futile. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Azurite Corp. Ltd. v. Amster & Co.*, 52 F.3d 15, 19 (2d Cir.1995); *Health–Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir.1990); *Bank of New York v. Sasson*, 786 F.Supp. 349, 352 (S.D.N.Y.1992).

Finally, the Court notes that it has no power to order media coverage, an interview with an international humans rights commission, an investigation of alleged wrongdoing, initiation of criminal complaints, or the bringing of charges, but only preside over matters appropriately brought before it.

For all of the foregoing reasons, this action is hereby dismissed pursuant to Rule 12(b)(6) and (1).

### Conclusion

For the reasons stated above, the Defendants' motion for dismissal is granted and Molina's remaining motions are denied in their entirety. The action, in its entirety, hereby is dismissed with prejudice.

**SO ORDERED.**

---

1. Additionally, even if the Court did not dismiss Molina's complaint in its entirety, his motion for counsel would be denied. The Second Circuit has held that under 28 U.S.C. 1915(d) counsel need not be appointed for a plaintiff who brings a frivolous action. In this circuit, a frivolous action for the purposes of § 1915(d) is one in which the plaintiff has only a slight chance of success. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir.1989); *see also Carollo–Gardner v. Diners Club*, 628 F.Supp. 1253, 1256 (E.D.N.Y. 1986) (quoting *Sims v. Zolango*, 481 F.Supp. 388, 391 n. 1 (S.D.N.Y.1979)). In light of this standard and the Court's careful analysis of Molina's papers, the Court finds that his action is frivolous for the purposes of appointment of counsel under § 1915(d) and therefore would deny the motion on this ground, despite previously allowing Molina to proceed *in forma pauperis* (as permitted by this circuit's "two-step" approach stated in *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983)).