Jose F. MOLINA, Plaintiff,

v.

Judith S. KAYE, Chief Judge of the Court of Appeals; and Administrative Board of the Courts, Defendants.

No. 95–CV–3952 (JRB).

United States District Court, E.D. New York.

July 22, 1996.

See also 956 F.Supp. 257.

---

Jose F. Molina, Albany, NY, Pro Se.

### MEMORANDUM–DECISION AND ORDER

BARTELS, District Judge.

Defendants Judith S. Kaye and the Administrative Board of the Courts (collectively "Defendants") move to dismiss plaintiff Jose F. Molina's *pro se* complaint in this 42 U.S.C. § 1983 action under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the complaint fails to state a claim upon which relief can be granted.

### *Background*

Molina instituted the above-captioned action by *pro se* complaint dated September 28, 1995. Much of the complaint alleges claims similar to those alleged in an earlier complaint by Molina against the State of New York and Governor Pataki. Those claims were dismissed in *Molina v. New York,* 956 F.Supp. 257 (E.D.N.Y.1995), *appeal dismissed,* No. 96–2067 (2d Cir. Apr. 10, 1996) for failure to state a claim and lack of jurisdiction.

The circumstances giving rise to the instant action seem once again to be a number of convictions and proceedings in Queens. First, in family court, Molina apparently lost custody of his children. Then, on June 1, 1989, Molina was convicted by a jury in Supreme Court, Queens County (Golia, J.) of six counts of sexual abuse in the first degree, two counts of sodomy in the third degree, rape in the third degree, and four counts of endangering the welfare of a child. The

conviction was subsequently affirmed on appeal to the Appellate Division, Second Department of the Supreme Court in *People v. Molina*, 200 A.D.2d 772, 608 N.Y.S.2d 861 (1994) and further appeal was denied by the New York Court of Appeals in *People v. Molina*, 83 N.Y.2d 969, 616 N.Y.S.2d 22, 639 N.E.2d 762 (1994).

Construing Molina's complaint as liberally as possible, as required by *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) and *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam), he claims that his due process right to a fair trial and effective assistance of counsel was violated because:

> [T]he Court System through conspiracy in conjunction with public law enforcement employees infringed plaintiff's rights and are also infringing the rights of others similarly situated; this is because court transcripts disappear and in some instances alterations of court transcripts are made, this makes plaintiff's and other similarly situated future appeals of their convictions frivolous and ineffective." (Complaint at 1).

Molina claims that transcripts from his legal proceedings were lost or tampered with and that his attorneys conspired with the judges in his case in order to obtain his convictions and frustrate his appeals. (Complaint at 2–3). Additionally, he claims that interpreters during the proceedings failed to translate accurately or refused to translate at all. (Complaint at 7, 9).

In the instant action Molina seeks an order of this Court directing Chief Judge Kaye to promulgate rules requiring videotaping 1) "from the time the accused is brought for the interrogation and from the moment his/her Miranda Warnings are given, and subsequently [of] the entire interrogation process," and 2) "for every Court proceeding[ ], arraignment[ ], hearing[ ], and trial[ ] ..." (Complaint at 10) (errors in original). Molina further seeks court ordered media coverage in this case. (*Id.*)

Upon a preliminary reading of Molina's complaint, by order dated October 10, 1995, this Court granted Molina's application to proceed *in forma pauperis*.

In response to Molina's complaint and in lieu of an answer, Defendants move for dismissal of this action under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Despite requesting and receiving an extension to respond to the defendants' motion, Molina submits no opposition to the motion other than an affidavit of Molina's son in which he claims to have lied during his father's trial at the behest of a social worker and assistant district attorney.

### Discussion

■ Viewing Molina's papers liberally, accepting the allegations as true, and construing all reasonable inferences in favor of Molina, the Court finds no set of facts, beyond vague and conclusory allegations, which would entitle Molina to the relief he seeks. This Court need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist.

■ Molina has not met the pleading requirements for maintaining a § 1983 action. Section 1983 claims must be supported by "more than conclusory allegations to avoid dismissal of a claim predicated on a conspiracy to deprive [plaintiff] of his constitutional rights." *Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir.1990), *cert. denied* 499 U.S. 937, 111 S.Ct. 1389, 113 L.Ed.2d 446 (1991); *See also Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977) (per curiam) (citing cases). Molina has failed to provide this support, and therefore his complaint must be dismissed.

■ Furthermore, any § 1983 claim Molina might otherwise raise is barred by the statute of limitations. The statute of limitations for § 1983 actions is the same as the state's personal injury statute, in this case, three years pursuant to N.Y.Civ.Prac.L. & R. 214(5). *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S.Ct. 1938, 1949, 85 L.Ed.2d 254 (1985); *Blankman v. County of Nassau*, 819 F.Supp. 198, 206–08 (E.D.N.Y.) *aff'd*, 14 F.3d 592 (2d Cir.1993). Molina's claim that he was entitled to have his trial videotaped, especially in light of the fact that he does not allege that

he requested it at the time or raised the issue on appeal, accrued no later than the date of conviction, as he then knew or had reason to know of any injury stemming from the failure at that time. *Cullen v. Margiotta,* 811 F.2d 698, 725 (2d Cir.), *cert. denied,* 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987). Molina was convicted over seven years ago on June 1, 1989. Thus, any § 1983 claim from that time is barred.

■ Additionally, Molina's complaint is deficient in several other regards. First, to the extent that Molina claims a due process violation at trial by the alleged malfeasance of interpreters or the absence of videotaping, *habeas corpus* relief, with its attendant exhaustion requirement, serves as his sole possible federal remedy, although he does not pursue it here. *Heck v. Humphrey,* 512 U.S. 477, 479–82, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383 (1994); *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 1841–42, 36 L.Ed.2d 439 (1973); *Cook v. City of New York,* 607 F.Supp. 702, 704 (S.D.N.Y.1985); *Carter v. Newburgh Police Dep't,* 523 F.Supp. 16, 19 (S.D.N.Y.1980) (citing cases).

■ Second, to the extent that Molina claims a due process right to have his legal proceedings videotaped, he cannot claim, over seven years after the conclusion of his proceedings, that he would have liked to have his trial videotaped. As the Defendants note, written transcripts are uniformly approved as an acceptable means of recording legal proceedings, and when those transcripts are missing or inaccurate, sufficient procedures exist in New York to ensure fair appellate review. *People v. Glass,* 43 N.Y.2d 283, 401 N.Y.S.2d 189, 190–91, 372 N.E.2d 24, 25 (1977); *People v. Powell,* 197 A.D.2d 544, 602 N.Y.S.2d 213, 215 (1993); *Curro v. Wat-*

*son,* 884 F.Supp. 708, 718 (E.D.N.Y.1995); *See also, e.g.,* N.Y.Civ.Prac.L. & R. 5525, N.Y.Crim.Proc.Law § 460.70(1).

Finally, to the extent that Molina challenges the rules of the Chief Judge[1] on behalf of others, he does not raise a case or controversy which may be adjudicated in this Court, as he has no "personal stake" in the litigation or the remedy he seeks. *County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979); *U.S. Parole Comm'n v. Geraghty,* 445 U.S. 388, 396–97, 100 S.Ct. 1202, 1208–09, 63 L.Ed.2d 479 (1980).

■ Because the Court dismisses Molina's complaint it need not appoint counsel[2].

■ The Court further notes that it has no authority to order media coverage, but only to preside over matters appropriately brought before it.

### Conclusion

For all the foregoing reasons, the Defendants' motion is GRANTED and this action is hereby DISMISSED with prejudice pursuant to Rule 12(b)(6).

**SO ORDERED.**

---

1: To the extent Molina challenges the policies and procedures of the police or district attorney, he has not named any appropriate defendant.

2. Additionally, even if the Court did not dismiss Molina's complaint in its entirety, his motion for counsel would be denied. The Second Circuit has held that under 28 U.S.C. 1915(d) counsel need not be appointed for a plaintiff who brings a frivolous action. In this circuit, a frivolous action for the purposes of § 1915(d) is one in which the plaintiff has only a slight chance of success. *Cooper v. A. Sargenti Co., Inc.,* 877 F.2d 170, 172 (2d Cir.1989); *see also Carollo–Gardner*

*v. Diners Club,* 628 F.Supp. 1253, 1256 (E.D.N.Y. 1986) (quoting *Sims v. Zolango,* 481 F.Supp. 388, 391 n. 1 (S.D.N.Y.1979)). In light of this standard and the Court's careful analysis of Molina's papers, the Court finds that his action is frivolous for the purposes of appointment of counsel under § 1915(d) and therefore would deny the motion on this ground, despite previously allowing Molina to proceed *in forma pauperis* (as permitted by this circuit's "two-step" approach stated in *Anderson v. Coughlin,* 700 F.2d 37, 41 (2d Cir. 1983)).