■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE MITCHELL, Appellant.—Levine, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered July 20, 1988, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the first degree, unlawful possession of marihuana, criminally using drug paraphernalia in the second degree and criminal possession of a weapon in the third degree (two counts).

At approximately 3:15 A.M. on February 6, 1988, in the Town of Rosendale, Ulster County, State Troopers Roberta Sheldon and Wilfredo Garcia observed a yellow Lincoln Town Car speeding on State Route 32 and proceeded to pull the vehicle over. Troy Allen was driving the car and defendant was seated in the passenger seat. Sheldon advised Allen that he had been stopped for speeding and asked for his license and registration. Allen was unable to supply either document and offered a traffic ticket issued by the City of Kingston Police Department as his only identification. Defendant was also asked for identification and had only a dry-cleaning receipt bearing the name G. Mitchell. According to the Troopers, defendant informed them that he was from Jamaica and had no license or green card. The Troopers returned to their vehicle to run a check on both men.

The computer check came back negative, but based on the constant glances of both men in the rearview mirrors and the fact that neither had identification, the Troopers checked with

the Kingston Police Department for outstanding warrants. The Troopers were advised that Kingston police had information that the vehicle was transporting narcotics and that there was a firearm in the vehicle. Within moments, several Kingston police units arrived at the scene.

Thereafter, both Allen and defendant were removed from the car, defendant was frisked and no gun was found. The interior of the car was searched and 9.93 ounces of cocaine, 1.3 grams of marihuana and a large number of plastic vials commonly used to package "crack" were recovered. Defendant was then placed under arrest and transported to State Police barracks in Kingston. There, a strip search was conducted and a gun was discovered in defendant's groin area.

Defendant was subsequently indicted for the crimes of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, unlawful possession of marihuana, criminally using drug paraphernalia in the second degree and criminal possession of a weapon in the third degree (two counts). Defendant moved to suppress various statements as well as the evidence seized from the vehicle and his person. At the suppression hearing, Detective Paul Watzka of the Kingston police testified that several hours prior to defendant's arrest, a confidential informant told him that defendant and Allen had gone to New York City to pick up drugs and that defendant had a gun in his possession. The informant also stated that defendant and Allen would be traveling in Allen's yellow Lincoln Town Car and that they would not be returning via the Thruway but would take a back route into Kingston. The confidential informant was interviewed by County Court at a *Darden* hearing *(see, People v Darden,* 34 NY2d 177). The court granted suppression of defendant's statements but ruled that the rest of the evidence was admissible. County Court also granted the prosecution's request that the third count of the indictment be dismissed.

Prior to trial, defendant requested a hearing pursuant to CPL 270.10 to challenge the composition of the panel of prospective jurors. This request was denied. Defendant thereafter contested the exclusion of a prospective black juror and County Court upheld the prosecution's race-neutral explanation for excusing the juror.

At the conclusion of the trial the jury convicted defendant of all but the second count of the indictment. Defendant was

sentenced to an indeterminate term of 20 years to life imprisonment for his conviction of criminal possession of a controlled substance in the first degree; a term of 15 days in jail for unlawful possession of marihuana; a term of one year in jail for the conviction of criminally using drug paraphernalia in the second degree; and an indeterminate term of 2 to 6 years' imprisonment for his conviction of each of two counts of criminal possession of a weapon in the third degree. All sentences were to run concurrently. This appeal by defendant ensued.

Defendant's first contention is that County Court erred in denying suppression of the evidence seized as a result of his warrantless arrest. Specifically, defendant asserts that the police informant's basis of knowledge was not sufficiently established and, therefore, the information he supplied did not constitute probable cause under the *Aguilar-Spinelli* test *(see, People v Griminger,* 71 NY2d 635, 638-639). The evidence before the court was that the informant had been with defendant earlier and saw him leave with Allen in Allen's Lincoln Town Car for New York City. The informant also told Watzka that while he was at defendant's apartment, he had seen defendant in possession of a gun. According to Watzka, the informant stated that the purpose of the trip was to purchase drugs and that he knew that they planned to take a route other than the Thruway upon their return. In our view, the evidence adequately set forth the underlying facts explaining how the informant acquired most of the information relayed to the police. Moreover, the tip was sufficiently detailed to support the inference that it was firsthand information *(see, People v Rodriguez,* 52 NY2d 483, 493). Furthermore, the fact that defendant and Allen were stopped several hours later in Allen's yellow Lincoln Town Car and on a route consistent with the informant's prediction corroborated that the informant's tip was based on personal knowledge *(see, People v Bigelow,* 66 NY2d 417, 423-424). Thus, we agree with County Court's determination that probable cause existed for the warrantless search and seizure.

We also find no merit to defendant's contention that the verdict was against the weight of the evidence. Defendant further argues that he was denied a fair trial because of allegedly prejudicial and erroneous remarks made by the prosecution during summation. The remarks, however, were never objected to at trial and, thus, the matter has not been preserved for our review *(see,* CPL 470.05 [2]; *People v Wil-*

*liams,* 46 NY2d 1070, 1071). In any event, we find no basis to reverse in the interest of justice *(see,* CPL 470.15 [6] [a]).

The only other matters which merit discussion are defendant's challenges to the jury selection process. In support of his motion for a hearing on the inadequate number of minorities on the jury panel, defendant put forth only bare conclusory allegations that minorities were historically underrepresented on jury panels in Ulster County. We have already held such allegations, when unaccompanied by any factual data or documentation, to be insufficient to warrant a hearing *(see, People v Bessard,* 148 AD2d 49, 51).

Defendant also claims that the prosecution improperly exercised a peremptory challenge to eliminate a black juror solely on the basis of race. However, the prosecutor explained that this juror was excluded because he had been subject to a prior successful prosecution by the District Attorney's office for driving while intoxicated, and also because of his occupation as a counselor for the State Division for Youth, factors the prosecutor believed to indicate a sympathy for the defense. We cannot say that County Court erred in determining that the prosecution advanced a legitimate racially neutral explanation for excluding that particular juror *(see, supra,* at 53; *People v Hernandez,* 140 AD2d 543, *lv granted* 72 NY2d 1046).

We have considered defendant's remaining contentions and find them also to be without merit.

Judgment affirmed. Kane, J. P., Mikoll, Levine, Mercure and Harvey, JJ., concur.