■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID TAYLOR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered September 28, 1987, convicting him of robbery in the first degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court improperly based its finding of probable cause, in part, upon the unsworn statement of the prosecutor, made during a side-bar conference in the course of the suppression hearing, is unsupported by the record. The arresting officer's actions in stopping the defendant in order to inquire as to his recent whereabouts were presumptively valid as they were based on information provided in a radio transmission from a fellow police officer (see, People v Lypka, 36 NY2d 210, 213-214; see also, CPL 140.50 [1]; People v De Bour, 40 NY2d 210, 233; People v McLaughlin, 132 AD2d 712). At the suppression hearing, the defendant did not specifically challenge the reliability of the information provided by the transmitting officer, and therefore, this issue is unpreserved for appellate review (see, People v Fenner, 61 NY2d 971; People v Ward, 95 AD2d 233, 240). Furthermore, the defendant was carrying the stolen property, and in response to the police officer's inquiry, made an inculpatory statement placing himself at the scene of the crime. Thus, we find that there was a sufficient basis, independent of the challenged comment by the prosecutor, to support a finding that the arresting officer possessed reasonable cause to believe that the defendant had committed the crime (see, CPL 140.10 [1] [b]).

The defendant's contention that he was deprived of a fair trial by the People's failure to produce at trial the police officer who made the radio transmission, is unpreserved for appellate review (see, People v De Tore, 34 NY2d 199, 207, cert denied sub nom. Wedra v New York, 419 US 1025). In any event, there is no indication in the record that the absence of the police officer was the result of bad faith on the part of the prosecutor or that it unduly prejudiced the defendant (see, People v De Tore, supra; People v Torres, 141 AD2d 682).

We reject the defendant's contention that the prosecutor impermissibly bolstered the testimony of the complaining witness during her summation by allegedly "vouching" for the witness's credibility. The challenged portions of the summation were properly responsive to attempts by the defense counsel during his summation to impugn the credibility of the complainant by implying that she had tailored her trial testimony after having conferred with the prosecutor (see, People v Gibbs, 166 AD2d 454; People v Rawlings, 144 AD2d 500).

We have reviewed the defendant's remaining contentions

and find them to be either without merit or unpreserved for appellate review. Lawrence, J. P., Harwood, Rosenblatt and O'Brien, JJ., concur.