■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MALPHRUS, Appellant.—Crew III, J. Appeal from a judgment of the County Court of Albany County (Aison, J.), rendered December 21, 1988, upon a verdict convicting defendant of the crime of vehicle dismantling without a registration.

Defendant was charged with and convicted of vehicle dismantling without a registration in violation of Vehicle and Traffic Law § 415-a (1). The facts adduced at trial reveal that Investigator David Harris went to defendant's place of business and inquired if he sold used parts. Defendant responded that he did. Harris then inquired if defendant had a starter and an alternator for a Honda automobile. Defendant advised that he had none in stock and that he would have to go out to his yard to find them. Harris and defendant went out to the yard where Harris observed 15 to 20 salvage or junk motor vehicles. They proceeded to a Honda to get the parts requested but were unable to remove them from the car. They went to another part of the lot and found another Honda, but its condition was such that defendant was unable to remove the parts. Harris then asked if defendant had a starter or an alternator for a V-8 Chevrolet engine and defendant replied that he did, but he would have to go down to another portion of his lot to get it. Defendant left in his "yard car" and returned 10 or 15 minutes later with an alternator for which Harris paid $30 and left. Harris testified that in his opinion the alternator was a used auto part because it showed evidence of wear and tear.

On this appeal defendant contends that the People failed to make out a prima facie case that defendant engaged in the business of acquiring motor vehicles for the purpose of dismantling them for parts. We disagree. When reviewing the evidence upon which a conviction rests, we must do so in a manner most favorable to the People, indulging in all reasonable inferences in their favor (see, People v Ford, 66 NY2d 428). Harris observed a number of vehicles on defendant's lot that he knew to be salvage vehicles purchased from a salvage pool. Defendant told Harris that he sold used parts. Harris went with defendant to two different Honda automobiles to buy a used starter and alternator, but defendant was unable

to remove the components due to the condition of the vehicles. He then left Harris and went to a different portion of his lot and returned with a used alternator which he sold for $30. From these facts it is more than reasonable to infer that defendant was in the business of acquiring motor vehicles for the purpose of dismantling them for parts.

Defendant next contends that there must be a reversal and dismissal of the indictment because his prosecution was the result of the unconstitutional selective enforcement of the law. While it is true that discriminatory enforcement of the law violates the Equal Protection Clause of the US Constitution *(cf., Yick Wo v Hopkins,* 118 US 356), the exercise of selective enforcement of the law is not, per se, a constitutional violation *(see, Oyler v Boles,* 368 US 448). In order to prevail on his theory, defendant has the burden of establishing a conscious and intentional discrimination against him *(see, People v Utica Daw's Drug Co.,* 16 AD2d 12). Defendant has failed to do this. The record reflects that there are prosecutions for violations of the statute in question in less than 1% of the cases because the offenders agree to and do register, and the matter is then considered resolved. The testimony reflects that only in those instances, like the case at bar, where the offender refuses to comply with the registration requirements is prosecution pursued. On this record, defendant has failed to sustain his burden of proving conscious and intentional discrimination.

Finally, defendant contends that County Court erred in permitting him to proceed *pro se.* We disagree. A review of the record reveals that County Court undertook a lengthy inquiry of defendant concerning his desire to proceed *pro se* and meticulously described to him the dangers and disadvantages of self-representation. It cannot be said, upon review of the record before us, that defendant did not knowingly and voluntarily choose to waive counsel *(see, People v Vivenzio,* 62 NY2d 775).

Weiss, J. P., Mikoll, Yesawich Jr. and Mercure, JJ., concur. Ordered that the judgment is affirmed.