OPINION OF THE COURT
Bernard S. Greenbaum, J.
The defendant is charged with criminal possession of a *1032 forged instrument in the third degree in violation of Penal Law § 170.20. The defendant, in an omnibus motion is seeking (1) to deem the information a misdemeanor complaint; (2) dismissal for facial insufficiency; (3) suppression of physical evidence; (4) Sandoval relief; (5) exculpatory material and (6) reservation of rights.
The court has reviewed the defendant’s moving papers, the People’s answer and the court file and after due deliberation finds as follows:
TO DEEM THE INFORMATION A MISDEMEANOR COMPLAINT
The branch of defendant’s motion seeking to deem the information a misdemeanor complaint is denied. The information conforms to the requirements of CPL 100.40 and 100.15.
The defendant contends that the source of a New York City Police Officer’s knowledge regarding the appearance of a New Jersey registration sticker and license must be alleged in the complaint. Such contention is not persuasive. The cases the defendant cites, People v Haskins (107 Misc 2d 480) and People v Smith (141 Misc 2d 568), support the court’s original ruling. The two cases cited hold that additional corroboration is necessary in prosecutions that are based on investigations performed by agencies that do not usually conduct such investigations. In other words, employees of agencies may corroborate only those complaints that are generated as a result of the "regular business” of that agency. The instant case is distinguishable. Clearly, it is the regular business of New York City Police Officers to stop any vehicle within the City regardless of which State such vehicle is registered in. In addition, it is the regular business of New York City Police Officers to examine and verify the identifying documents of drivers and vehicles within the City regardless of which State they are from.
Further, this court must disagree with defendant’s statement that "N.Y.C. police may occasionally encounter New Jersey Motor Vehicle documents”. It is likely, given the proximity of the States, the number of New Jersey residents who work within the City of New York and the level of daily traffic through the Holland and Lincoln Tunnels and across the George Washington Bridge, that the New York City Police encounter New Jersey motor vehicles very often in their *1033 regular business of enforcing traffic laws. Once a driver comes into the City, it is the New York City Police Department’s regular business to enforce the traffic laws. Therefore, a New York City Police Officer’s own observations based on his personal experience are sufficient to corroborate the instant complaint as to the form of New Jersey registrations and licenses.
DISMISSAL FOR FACIAL INSUFFICIENCY
The branch of defendant’s motion seeking to dismiss the information for facial insufficiency is denied. The information conforms to the requirements set forth in CPL 100.40 and 100.15. The element of intent for this misdemeanor may be inferred by the allegation of fact that the defendant actually possessed the forged document. Further, the element of intent is expressly pleaded in the accusatory portion of the complaint.
SUPPRESSION OF PHYSICAL EVIDENCE
The branch of defendant’s motion seeking to suppress physical evidence is granted to the extent that a Mapp hearing shall be conducted prior to trial.
EXCULPATORY MATERIALS/WITNESS STATEMENTS
The People are reminded of their obligation pursuant to Brady v Maryland (373 US 83 [1963]) and People v Rosario (9 NY2d 286 [1961]).
SANDOVAL RELIEF
The branch of defendant’s motion seeking Sandoval relief is granted to the extent that this branch of defendant’s motion may be brought before the Trial Judge.
RESERVATION OF RIGHTS
The defendant’s right to make further motions is reserved to the extent indicated in CPL 255.20.