OPINION OF THE COURT
Marsha L. Steinhardt, J.
Defendant moves this court for an order dismissing the accusatory instrument on the ground that the criminal court information is facially insufficient. He is charged with the *1007 crimes of attempting to not have a dismantler registration (Penal Law § 110.00; Vehicle and Traffic Law § 415-a [1]) and failure to produce a record of motor vehicle or motor vehicle parts (Vehicle and Traffic Law § 415-a [5]).
Vehicle and Traffic Law § 415-a (1) defines a vehicle dismantler as "any person who is engaged in the business of acquiring motor vehicles or trailers for the purpose of dismantling the same for parts or reselling such vehicles as scrap.” It goes on to prohibit operation as a vehicle dismantler "unless there shall have been issued * * * a registration in accordance with the provisions of this section.”
A class E felony, Vehicle and Traffic Law § 415-a (1), has been reduced here to misdemeanor status by virtue of defendant’s alleged "attempt” at having violated the statute (Penal Law § 110.00; Vehicle and Traffic Law § 415-a [1]).
Vehicle and Traffic Law § 415-a (5) (a) requires that records be kept of all vehicles and component parts thereof coming in and going out of the business. "Upon request * * * of any police officer and during his regular and usual business hours, a vehicle dismantler shall produce such records and permit said * * * police officer to examine them and any vehicles or parts of vehicles which are subject to the record keeping requirements * * * and which are on the premises.” (Ibid.) Paragraph (b) of this subdivision specifies in what manner the required registration number shall be displayed.
An information is facially sufficient if it contains facts of an evidentiary nature which support or tend to support the crime charged (CPL 100.15 [3]; People v Dumas, 68 NY2d 729), and contains nonhearsay allegations which establish, if true, every element of the offense charged (CPL 100.40 [1] [b], [c]). An information which fails to satisfy these requirements is fatally defective (People v Alejandro, 70 NY2d 133).
The information which forms the subject matter of this motion alleges that on March 5,1992 at approximately 12:00 p.m. at 1434 Eastern Parkway, County of Kings, State of New York, the deponent (Auto Crime Detective William Semins) was informed by defendant’s own statement that he, the defendant, was the manager of the aforementioned premises which was being used for dismantling motor vehicles. Defendant did not have a registration to operate as a vehicle dismantler. The information also charges that defendant failed to produce a record of the vehicle or vehicle parts which came into defendant’s possession, or a record of the disposition *1008 of motor vehicle parts. Deponent allegedly observed parts of motor vehicles inside of the premises. It is noted that defendant herein is not charged with possession of stolen property. He is accused only of violating the previously mentioned Vehicle and Traffic Law provisions relating to registration and record keeping.
The Court of Appeals in the recently decided case of People v Keta (79 NY2d 474 [1992]) has held "that Vehicle and Traffic Law § 415-a (5) (a)’s provisions for warrantless, suspicionless searches of business premises cannot withstand challenge under our State Constitution”. (People v Keta, supra, at 497.)
An exception to the warrant requirement exists where administrative inspections are conducted in certain closely regulated industries. The Court held, however, "that the so-called 'administrative search’ exception to the Fourth Amendment’s probable cause and warrant requirements cannot be invoked where, as here, the search is 'undertaken solely to uncover evidence of criminality’ and the underlying regulatory scheme is 'in reality, designed simply to give the police an expedient means of enforcing penal sanctions.’ ” (People v Keta, supra, at 498, citing People v Burger, 67 NY2d 338, 344.) "Vehicle and Traffic Law § 415-a (5) (a) is also constitutionally deficient in its failure to delineate rules to guarantee the 'certainty and regularity of * * * application’ necessary to provide a 'constitutionally adequate substitute for a warrant’ (Donovan v Dewey, supra, at 603). The statute does not set forth a minimum or maximum number of times that a particular establishment may be searched within a given time period, and it does not furnish guidelines for determining which establishments may be targeted. Further, because the regulatory scheme prescribes no standards or required practices other than the maintenance of a 'police book,’ there are no real administrative violations that could be uncovered in a search and, concomitantly, there is nothing inherent in the statutory scheme to limit the scope of the searches it authorizes. Indeed, the only restriction that the statute contains is its requirement that the searches occur during business hours. This restriction is plainly insufficient to provide either a meaningful limitation on the otherwise unlimited discretion the statute affords or a satisfactory means to minimize the risk of arbitrary and/or abusive enforcement. As such, Vehicle and Traffic Law § 415-a (5) (a) shares one of the most objectionable characteristics of colonial writs of assistance.” (People v Keta, supra, at 499-500.)
*1009 Thus, a vehicle dismantle^ is not required, under the law of our State, to produce his records upon request of a police officer, and cannot be charged with criminal activity for his failure to do so. That portion of the information charging defendant with violation of Vehicle and Traffic Law § 415-a (5) (a) is hereby dismissed.
However, the provisions of Vehicle and Traffic Law § 415-a requiring a vehicle dismantler to be registered and the specifications as to how the registration must be displayed fall within the legitimate licensing powers of the State. They are neither onerous nor invasive. The information clearly sets forth facts tending to support defendant’s alleged failure to have such registration. Defendant’s status vis-á-vis the business is a question of fact to be determined by a jury.
As there is no longer any property to be suppressed, that portion of defendant’s motion requesting a Mapp hearing is denied.