■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD DAVID POWELL, Appellant. [602 NYS2d 213] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosenblatt, J.), rendered June 13, 1984, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to the police.

Ordered that the judgment is affirmed.

The defendant shot and killed a taxicab driver on the New England Thruway on Christmas Eve 1982. He subsequently confessed to the crime and was convicted of murder in the second degree.

The defendant filed a timely notice of appeal, but failed to perfect his appeal. Approximately six years later, the People moved to dismiss the appeal for failure to prosecute and the defendant cross-moved for poor person relief and the assignment of appellate counsel. By decision and order on motion dated January 28, 1991, this Court denied the motion and granted the cross motion.

The defendant subsequently discovered that the transcripts of his trial and pretrial hearings had been destroyed pursuant to Judiciary Law former § 297, and he moved for summary reversal of his conviction. The People cross-moved to dismiss the appeal. By decision and order on motion dated October 1, 1991, this Court denied both motions and, *sua sponte,* ordered a reconstruction hearing.

On appeal, the defendant contends that the reconstructed record is inadequate to protect his right to appeal. We disagree.

There is no merit to the defendant's contention that, even after considering the testimony adduced at the reconstruction hearing, the record is still inadequate for meaningful appellate review. The burden is on the defendant to demonstrate that the record is inadequate to disclose the existence of appealable and reviewable issues *(see, People v Glass,* 43 NY2d 283; *People v Smalls,* 116 AD2d 675). Indeed, the defendant must establish the inadequacy of the record by substantial evidence *(see, People v Harris,* 61 NY2d 9) in order to rebut the presumption of validity and regularity which attaches to all judgments of conviction *(see, People v Bell,* 29 NY2d 882; *People v Suren,* 131 AD2d 896). In the instant case, the defendant has failed to meet this burden.

Contrary to the defendant's contention, the court stenographer was under no obligation to retain the original stenographic notes for more than two years after the defendant's conviction *(see,* Judiciary Law former § 297; *People v Suren, supra,* at 897; *People v Smalls, supra,* at 676). Moreover, it appears that their unavailability was not due to any fault of the People, but due to the defendant's prolonged failure to take any steps to perfect his appeal.

The defendant also contends that he was deprived of the effective assistance of counsel because, *inter alia,* his trial attorney was subsequently disbarred *(see, Matter of Baltimore,* 132 AD2d 424). " '[T]he infliction of discipline upon an attorney previously qualified and in good standing will not and should not transform his services into ineffective assistance' "

*(People v Chin Min Foo,* 144 Misc 2d 589, 593, quoting *United States v Mouzin,* 785 F2d 682, 697). Thus, the disbarment of the defendant's trial counsel for misconduct in several unrelated matters three years after the defendant's conviction does not, by itself, constitute ineffective assistance of counsel *(see also, People v Sullivan,* 153 AD2d 223, 230; *People v Dattilo,* 132 AD2d 726, 729; *People v Huggins,* 144 Misc 2d 49, 57). Moreover, the defendant was afforded meaningful representation *(see, People v Satterfield,* 66 NY2d 796, 798-799; *People v Baldi,* 54 NY2d 137, 146-147).

We have considered the defendant's remaining contention and find that it is unpreserved for appellate review *(see,* CPL 470.05 [2]), and, in any event, without merit. Mangano, P. J., Balletta, Eiber and Ritter, JJ., concur.