(April 21, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN O. BOMBARD, Appellant. [610 NYS2d 965] —Casey, J. Appeals (1) from a judgment of the County Court of Clinton County (Lewis, J.), rendered March 16, 1992, upon a verdict convicting defendant of the crimes of rape in the first degree, sodomy in the first degree and endangering the welfare of a child, and (2) by permission, from that part of an order of said court, entered November 16, 1992, which denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the

judgment of conviction and to set aside the sentence following his conviction, without a hearing.

The crimes of which defendant stands convicted were committed after the victim, who was acquainted with defendant, agreed to give defendant a ride which he had requested. The victim testified how defendant directed her to drive to various houses and she was unaware of why defendant was doing this. Her infant daughter was sleeping in the back seat of the car at the time. Defendant claims that the stops were for the purpose of purchasing marihuana and that it was the victim who so requested. It was during this trip, when the car was in an isolated area, that defendant allegedly pulled the emergency brake on three separate occasions and forcibly committed the crimes of which he stands convicted. The baby was crying in the back seat during the incidents.

Defendant was charged in seven separate counts with crimes involving forcible sex on the victim and for endangering the welfare of the child. Defendant was convicted of three of the crimes charged and sentenced as a second felony offender to two terms of imprisonment of 7½ to 15 years for the convictions of rape in the first degree and sodomy in the first degree, those sentences to run consecutively to one another, and also to a concurrent term of one year for his conviction of endangering the welfare of the child. Defendant appeals from the judgment.

After sentencing, defendant brought a CPL article 440 motion, contending that the prior conviction should not have been counted against him because he was a youthful offender at the time of the prior conviction. This relief was denied, and defendant was granted permission to appeal from the order.

Initially, we note that the testimony offered by the victim and supported by medical evidence was legally sufficient to support defendant's conviction of rape in the first degree and sodomy in the first degree and the convictions were not against the weight of the evidence (see, People v Murphy, 188 AD2d 742, 743, lv denied 81 NY2d 890). We also find no basis in the record for defendant's claim that he was prejudiced by a conflict of interest because the law firm of the District Attorney's husband represented clients who were opposed to defendant's interests (see, Matter of Schumer v Holtzman, 60 NY2d 46, 55). Furthermore, this contention was not appropriately preserved for appellate review (see, People v Krom, 91 AD2d 39, 47, affd 61 NY2d 187).

Defendant also argues that the jury verdict was inconsistent

or compromised because defendant was not convicted of certain crimes that required the element of forcible compulsion but was convicted of other crimes that required proof of forcible compulsion. Reviewing County Court's charge, as required by *People v Tucker* (55 NY2d 1, 6-7), we find defendant's claim in this regard to be untenable. The jury found defendant guilty of the two crimes which were supported by physical evidence, as well as the victim's testimony. The convictions do not indicate inconsistent or compromised verdicts *(see, e.g., People v Goodfriend,* 100 AD2d 781, 782, *affd* 64 NY2d 695).

As to defendant's claim that County Court erred in denying defendant's request to charge voluntariness with respect to certain incriminating statements he made to police, we find no merit. Defendant elected to speak after he had been given *Miranda* warnings and waived his right to remain silent *(see, People v Savage,* 50 NY2d 673, 678, *cert denied* 449 US 1016). The prosecution's questioning of defendant about omissions that defendant made when he elected to speak were admissible for impeachment purposes *(see, supra,* at 679). Defendant's request to charge on this issue was, therefore, properly denied. Defendant raises these same issues and others on his claim that he was deprived of a fair trial. As previously found and revealed by the record, defendant's right to remain silent was not violated by the District Attorney. We have also examined defendant's claim that the District Attorney intimidated defense witnesses and find the contention baseless. Nor do we find that the District Attorney's summation was unduly prejudicial. The District Attorney responded to remarks made by defense counsel during his summation and, as such, the response was not improper *(see, People v Taylor,* 172 AD2d 784, 785, *lv denied* 78 NY2d 958). Defendant also complains that in the summation the District Attorney unfairly bolstered the testimony of his own witnesses. Even if we agreed with this contention, the impropriety would be no more than harmless error *(see, People v Galloway,* 54 NY2d 396, 399; *People v Konigsberg,* 137 AD2d 142, 148, *lv denied* 72 NY2d 912).

Finally, defendant argues, as he did on his CPL article 440 motion, that he should have been considered a youthful offender in regard to his 1984 crime, which would preclude the use of that crime as a predicate felony for sentencing purposes. Inasmuch as defendant never requested youthful offender treatment at the time of his prior conviction in 1984, the issue was waived *(see, People v Williams,* 133 AD2d 871, *lv denied* 70 NY2d 1012; *People v Ferguson,* 119 AD2d 338, 342,

*lv denied* 69 NY2d 711). In these circumstances, defendant's request for a hearing on whether he should have been adjudicated a youthful offender in 1984 was properly denied. Considering the nature of defendant's conviction and the violence he employed, as well as his past record, we find no reason to reduce the sentence imposed *(see, People v Zehner,* 112 AD2d 465, 467, *lv denied* 66 NY2d 619). Accordingly, both the judgment and order appealed from are affirmed.

Cardona, P. J., Mercure, White and Weiss, JJ., concur. Ordered that the judgment and order are affirmed.