■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD JONES, Appellant. [623 NYS2d 387] —Peters, J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered May 20, 1993, upon a verdict convicting defendant of two counts of the crime of assault in the second degree.

Defendant was an inmate at the Tompkins County Public Safety Building. On February 19, 1992 another inmate, Jeffrey Menzies, had an altercation with Correction Officer James Rolfe in which Menzies punched Rolfe in the face and kicked him in the groin area. Rolfe testified that he sustained no substantial injuries from such altercation.

Shortly thereafter, defendant and another inmate, codefendant Dwayne Magee, left their cells and ran to the maximum security guard station where Rolfe was located and physically attacked him. Witnesses testified that defendant and Magee inflicted numerous punches and kicks to Rolfe's head, face, torso and foot. As a result thereof, Rolfe suffered injuries which included multiple fractured teeth, a fractured rib, protracted pain, facial abrasions, a black and blue eye and an impaired ability to walk. An indictment was filed charging defendant with two counts of assault in the second degree. Following a joint trial with Magee, defendant was convicted of both counts. Prior to sentencing, the People filed a statement alleging that defendant was a persistent violent felony offender. Although defendant disputed the constitutionality of his prior convictions, he was sentenced as a persistent violent felon to two concurrent terms of imprisonment of eight years to life. Defendant appeals.

Defendant contends that his prosecution was the result of an unconstitutional selective enforcement of the law. Alleging that Menzies, a white inmate, instigated the attacks upon Rolfe yet was only dealt with administratively, defendant contends that he was given disparate treatment solely because he is black. To prevail, defendant "has the burden of establishing a conscious and intentional discrimination against him" (People v Malphrus, 176 AD2d 1073, 1074, lv denied 79 NY2d 860). We find that defendant failed to sustain such burden.

Viewing the evidence in the light most favorable to the People (see, People v Miller, 199 AD2d 692, 693, lv denied 82 NY2d 928), we find that there was sufficient proof to establish that defendant, unlike Menzies, caused serious physical injury to Rolfe. Aside from the victim's own testimony, there were several witnesses who corroborated that defendant independently punched and kicked Rolfe. Even acknowledging the acts done by Menzies to Rolfe, we find that the People's proof sufficiently provided "a valid line of reasoning and permissible inferences from which a rational jury could have found * * * [that defendant caused the alleged physical injuries to Rolfe] beyond a reasonable doubt" (supra, at 693; see, People v Acosta, 80 NY2d 665).

As to defendant's contention that the People failed to present sufficient proof of his intent to prevent Rolfe from performing his work-related duty so as to sustain the second count of assault in the second degree (see, Penal Law § 120.05 [3]), we find such issue unpreserved for our review (see, People v Sutton, 161 AD2d 612, lv denied 76 NY2d 866).

Reviewing next defendant's claim of prosecutorial misconduct as a result of remarks made by the prosecutor in his closing statement, we note that "[u]nless defendant can establish substantial prejudice, reversal on the ground of prosecutorial misconduct is not an appropriate remedy" *(People v Gutkaiss,* 206 AD2d 628, 631, *lv denied* 84 NY2d 936). We find that defendant failed to establish such prejudice. Examining the prosecutor's rhetorical question as to whether defendant and Magee were working together, we find that the prosecutor did not cross the line of what could be considered fair comment in light of the proof indicating that defendant held Rolfe down while Magee beat him. As to the second remark noted by defendant where the prosecutor directed the jury to look at the certificates of incarceration of defendant and Magee "if you want to see the reasons why they were confined to jail", we find that the record reflects that the People permissibly responded to comments made by Magee's counsel indicating that his client was in jail only because he was poor *(see, People v Bombard,* 203 AD2d 711, *lv denied* 84 NY2d 823; *People v Taylor,* 172 AD2d 784, 785, *lv denied* 78 NY2d 958). Even if we were to find such remark inappropriate with respect to defendant, such impropriety would be no more than harmless error *(see, People v Bombard, supra).*

Addressing next County Court's sentencing of defendant as a persistent violent felony offender, we note that the record shows that defendant was sentenced in Maryland on June 7, 1974 on two counts of robbery with a dangerous weapon. That conviction was used as the predicate felony for defendant's second violent felony offender sentencing after he was convicted in 1979 in Broome County. The time for defendant to have challenged the Maryland conviction as a predicate felony was at the time he was sentenced as a second violent felony offender. Since defendant failed to demonstrate good cause for his failure to contest the 1974 conviction at the time of his sentencing in 1979 or on appeal therefrom, defendant "waived any future allegation of its unconstitutionality" *(People v Early,* 173 AD2d 884, 886, *lv denied* 79 NY2d 1000; *see,* CPL 400.21 [8]; *see also,* CPL 400.15 [7] [b]).

Finally, as to defendant's challenge to the procedure employed by Tompkins County for summoning both grand and petit jurors, we find that the County Court properly denied defendant's motion requesting the issuance of a subpoena duces tecum since such application must be made to the Appellate Division *(see,* Judiciary Law § 509 [a]; *People v Wright,* 176 AD2d 1131, 1132, *lv denied* 79 NY2d 866), and

that in the absence of adequate factual data or documentation which such discovery might have produced, the denial of a hearing was in all respects proper (see, People v Mitchell, 156 AD2d 767, 770, lv denied 75 NY2d 922).

Accordingly, we affirm the judgment of conviction in its entirety.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the judgment is affirmed.