OPINION OF THE COURT
Charles J. Heffernan, Jr., J.
This case presents the question whether an information charging defendant with one count of an attempt to commit a *424 violation of Vehicle and Traffic Law § 415-a (1) (vehicle dismantles and other persons engaged in the transfer or disposal of junk and salvage vehicles) should be dismissed on defendant’s motion that it fails to allege facts which would support such a charge. For the reasons which follow, the motion for dismissal should be denied.
The accusatory instrument reads in relevant part as follows:
"Based upon deponent’s own personal observations and defendant’s own statements, deponent states that the defendant was operating a motor vehicle repair shop at the above mentioned location and that the deponent observed the defendant possess numerous motor vehicles at various stages of repair in said location which contained the sign 'HEM Enterprises.’ The deponent further states that the defendant admitted in substance that he was the owner of the business.
"Deponent states that he did further observe at the above mentioned location, electric saws and other tools commonly used for the purpose of dismantling motor vehicles. Deponent further states that the defendant did not possess a valid registration for the business of dismantling motor vehicles and that deponent further observed several vehicles which had been dismantled.”
THE POSITIONS OF THE PARTIES
Defendant, through his counsel, has filed moving papers dated July 19, 1995 seeking an order dismissing the information on the ground that it fails to set forth actual allegations to support the above charge. Defendant advances three arguments in support of his motion: (1) defendant maintains a licensed automobile repair shop at the premises in question, at which both mechanical and body work are done; (2) the information does not specify what vehicles were allegedly being repaired and what vehicles were allegedly being dismantled, nor does it specify in what manner, nor for what purpose the vehicles alleged to have been dismantled were dismantled; (3) consistent with defendant’s work, there are, at any particular instance, automobiles in and on the premises of defendant’s shop in various states of repair, as well as vehicles from which one or more parts have been removed, either to access structural members of the vehicle for straightening or repair or as a condition precedent to replacement parts having been *425 fitted, as well as tools used in the repair and removal of damaged automobile parts.[1]
The People, by affidavit of the assigned prosecutor dated August 17,1995, oppose the motion, offering the following arguments in support of their position: (1) the information is sufficient in that it pleads two generic forms of proof, consisting of statements by defendant and observations of the deponent police officer; (2) the complaint contains allegations of police observations of numerous vehicles at various stages of repair, electric saws and other tools commonly used for the purpose of dismantling motor vehicles and several vehicles which had been dismantled; (3) relying on People v Dean (153 Misc 2d 1031 [Crim Ct, Queens County 1992]), the People note that the information identifies deponent as a detective assigned to the Staten Island Auto Squad, that the information alleges that deponent observed that certain vehicles were dismantled, that he observed saws and other tools commonly used in the dismantling of vehicles, and that as a detective so assigned "it is consistent with his experience that he would be trained to recognize the dismantling of automobiles and consistent with Dean (supra), such experience need not be stated in the complaint”;[2] (4) the information alleges that defendant admitted to deponent that defendant owned the business where deponent made his observations; (5) the deponent’s observations and defendant’s statements recited in the information constitute circumstantial evidence that defendant was dismantling vehicles, pursuant to People v Diouf (153 Misc 2d 887 [Crim Ct, NY County 1992]); and (6) pursuant to People v Abdul (157 Misc 2d 511 [Crim Ct, NY County 1993]), the court should, as there, "not ignore common sense or the significance of the conduct alleged.”[3]
THE LEGAL ANALYSIS
Vehicle and Traffic Law § 415-a was enacted as part of an ongoing regulatory, record-keeping and warrantless inspection scheme for junk shops which has been part of the law of the City of New York for more than 150 years. (People v Tinneny, *426 99 Misc 2d 962, 969, n 2 [Sup Ct, Kings County 1979].) Designed to address the substantial public interest in deterring motor vehicle theft in this State, its terms — especially the so-called "chop-shop” statute, Vehicle and Traffic Law § 415-a (5) (a), which is not here at issue— have been the subject of much controversy within the law.[4]
It is helpful to review the provisions of law defining the crime charged in the information at bar. Vehicle and Traffic Law § 415-a (1) (vehicle dismantlers and other persons engaged in the transfer or disposal of junk and salvage vehicles; definition and registration of vehicle dismantlers) reads in relevant part as follows: "A vehicle dismantler is any person who is engaged in the business of acquiring motor vehicles or trailers for the purpose of dismantling the same for parts or reselling such vehicles as scrap. No person shall engage in the business of or operate as a vehicle dismantler unless there shall have been issued to him a registration in accordance with the provisions of this section. A violation of this subdivision shall be a class E felony.” An attempt to commit a crime is defined by Penal Law § 110.00 as follows: "A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime.”
There is a dearth of case law interpreting Vehicle and Traffic Law § 415-a (1), with but one decision assessing sufficiency of evidence of that crime at trial (People v Malphrus, 176 AD2d 1073 [3d Dept 1991]),[5] and one other passing on a facial suffi *427 ciency challenge to an accusatory instrument (People v Toth, 154 Misc 2d 1006 [Crim Ct, Kings County 1992]).
This case bears remarkable similarity to People v Toth (supra), where, as here: (1) defendant was charged with an attempt to violate Vehicle and Traffic Law § 415-a (1); (2) the information alleged that an Auto Crime Squad detective was informed by defendant that the latter was the manager of the premises in question, that defendant failed to produce a record of vehicle or vehicle parts which came into defendant’s possession or a record of the disposition of motor vehicle parts, and that the detective deponent observed parts of motor vehicles inside the premises; and (3) the information did not charge defendant with possession of stolen property. The Toth court, in denying the dismissal motion, found that the information adequately pleaded "facts tending to support defendant’s alleged failure to have such registration.” (Supra, at 1009.)
To avoid dismissal under CPL 170.30 (1) (a) and 170.35 (1) (a), an information must satisfy the statutory requirements specified in CPL 100.15, 100.45, as well as the holding in People v Alejandro (70 NY2d 133 [1987]). Specifically, an information must allege in nonhearsay factual terms each element of the offense charged, and must also assert that defendant committed this offense (CPL 100.40 [1] [c]; 100.15 [3]), or be subject to dismissal as a jurisdictionally defective instrument. The total *428 ity of the allegations must demonstrate reasonable cause to believe that defendant committed a crime (CPL 70.10 [2]) and must also recite a legally sufficient, or prima facie, case to support that belief (CPL 70.10 [1]; People v Alejandro, supra, at 139).
As detailed above, the provision here in controversy, Vehicle and Traffic Law § 415-a (1), requires proof of two elements: first, that defendant was, on the date in question, a dismantler — i.e., a person engaged in the business of acquiring motor vehicles for the purpose of dismantling them for parts or reselling them as scrap; second, that a requisite registration had not then been issued to defendant.
The former element does not lend itself to facile pleading. Resting on a definitional subelement which requires proof that the accused is "engaged in the business of acquiring” motor vehicles or trailers for the purpose of dismantling them for parts or for resale, the statute has not been frequently applied or tested, as measured by reported case law. Satisfaction of that element would appear to be regularly, although not exclusively, possible by the use of circumstantial evidence. For other than by costly, uncommon and often difficult enforcement efforts such as undercover "sting” operations or judicially authorized electronic surveillance efforts, the likely proof pattern would seem to be that which the People here utilized— i.e., police observation of facts which, taken together, would constitute circumstantial evidence that the defendant was a dismantler within the ambit of Vehicle and Traffic Law § 415-a (D.
The information at bar alleges that the deponent police officer: (1) observed defendant in possession of "numerous” motor vehicles at various stages of repair, as well as electric saws and "other tools commonly used for the purpose of dismantling motor vehicles”; (2) contends that the premises in question was a motor vehicle repair shop bearing a sign identifying it as a business; and (3) was told by defendant that the latter was then the owner of the business. Further, the information asserts that defendant did not possess a valid registration for the business of dismantling motor vehicles.
While such evidence is often leavened at trial by competing factors which will challenge the prosecutor’s contention that the proof satisfies the moral certainty and other standards governing circumstantial evidence, the instant pleading must be evaluated in isolation, free of the unproved contentions in defendant’s moving papers. While expressing no view as to *429 whether the People can or will prove defendant’s guilt at trial, this court is satisfied that the nonhearsay factual allegations in the information before this court, taken collectively, satisfy the requirements of the applicable CPL and case law standards detailed above. That is, the information satisfactorily pleads each element of the offense charged and defendant’s commission thereof, provides reasonable cause to believe that defendant committed a crime, and recites a legally sufficient case to support that belief.
CONCLUSION
For the foregoing reasons, defendant’s motion for an order dismissing the information as facially defective is denied.

. Defendant has also pleaded arguments addressing his motion for suppression of physical evidence, as well as factors pertaining to guilt or lack thereof. None of those arguments or factors is relevant to the present motion. Thus, no such argument or factor is here considered.

. Affirmation of Timothy M. O’Donovan, Assistant District Attorney, dated August 17, 1995, at 3.

. Id., at 4.

. In People v Burger (67 NY2d 338 [1986]), the New York State Court of Appeals held Vehicle and Traffic Law § 415-a (5) (a) unconstitutional under the Fourth Amendment because it did not serve an administrative purpose, but was designed to find evidence of criminality. The United States Supreme Court reversed that decision, finding the statute constitutional (New York v Burger, 482 US 691 [1987]). On remand, the case was dismissed because the defendant was not available to obey the mandate of the Court (People v Burger, 70 NY2d 828 [1987]). Subsequently, in an unrelated case, the Court of Appeals found the statute violative of the New York State Constitution (People v Keta, 79 NY2d 474 [1992]). For a concise discussion of the above decisions, see Kamins, New York Search and Seizure (at 274-275 [1995 ed]).

. In People v Malphrus (supra), the trial evidence revealed that an investigator went to defendant’s place of business asked if the latter sold used parts, and received an affirmative reply. When the investigator asked if defendant had a starter and an alternator for a Honda automobile, defendant responded that he had none in stock and would have to go out to his yard to find them. The investigator and defendant went to the yard, where the former saw 15 to 20 salvage or junk motor vehicles. They then went to a Honda to get the requested parts, but were unable to remove them from the car. They then went to another part of the lot and found another Honda, but *427 its condition was such that defendant was unable to remove the parts. The investigator then asked if defendant had a starter or alternator for a V-8 Chevrolet engine and defendant replied that he did, but that he would have to go down to another portion of his lot to get it. Defendant left in his "yard car” and returned 10 or 15 minutes later with an alternator for which the investigator paid $30 and left. The investigator testified that in his opinion the alternator was a used auto part because it showed evidence of wear and tear.
The Appellate Division found that the People had proven a prima facie case that defendant engaged in the business of acquiring motor vehicles for the purpose of dismantling them for parts. As required by People v Ford (66 NY2d 428 [1985]), the Court viewed the evidence in a light most favorable to the People, indulging in all reasonable inferences in their favor. Applying that norm, the Court noted that the investigator saw a number of vehicles on defendant’s lot that he knew to be salvage vehicles purchased from a salvage pool; that defendant told the investigator that he sold used parts; that the investigator went with defendant to two different Honda automobiles to buy a used starter and alternator, but defendant was unable to remove the components because of the condition of the vehicles; that defendant then left the investigator and went to a different portion of his lot and returned with a used alternator which he sold for $30. "From these facts it is more than reasonable to infer that defendant was in the business of acquiring motor vehicles for the purpose of dismantling them for parts” (176 AD2d, at 1074, supra).