■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD A. WILLIAMS, Appellant. [641 NYS2d 416] —Mikoll, J. P. Appeal from a judgment of the County Court of Sullivan County (Smith, J.), rendered June 22, 1993, upon a verdict convicting defendant of the crimes of inciting to riot and resisting arrest.

On November 24, 1990, a disturbance or fight broke out in the vicinity of a tavern in the Village of Monticello, Sullivan County, requiring the assistance of the police to restore order. Defendant was one of the persons charged in a multicount indictment as a result of this incident. Following a jury trial, defendant was convicted of misdemeanor counts of inciting to riot and resisting arrest. This appeal followed.

Initially, we reject defendant's contention that he was denied equal protection as a result of the prosecutor's allegedly discriminatory exercise of a peremptory challenge (see, Batson v Kentucky, 476 US 79, 96-98). Specifically, defendant, who is African American, asserts that the prosecutor deliberately challenged the only African American in the jury panel. However, assuming, arguendo, that the challenge to the only African American prospective juror gave rise to an inference of discrimination, we find no reason to disturb County Court's determination that the prosecution met its resulting burden of coming forward with a race neutral explanation (see, supra; see also, People v Richardson, 193 AD2d 969, 971, lv denied 82 NY2d 725). The prosecutor challenged the witness because, upon questioning, she seemed confused as to the burden of proof and stated at one point that the prosecutor would have to "absolutely" prove that any crime was committed. While the prospective juror later retracted this statement, we agree with County Court that defendant failed in his ultimate burden of establishing "purposeful discrimination" (People v Rodriguez, 211 AD2d 275, 278).

Finally, with respect to the prosecutor's remarks in summation, we note initially that defendant has waived review of most of his challenges by failing to object to them at trial (see, People v Finkle, 192 AD2d 783, 788, lv denied 82 NY2d 753). Further, County Court sustained the majority of the objections defendant did make and gave prompt curative instructions which eliminated any prejudice to defendant (see, supra). In any event, our review of the challenged remarks indicates that while many of them were ill-chosen, they were not unduly prejudicial; therefore, reversal in the interest of justice or otherwise is not required in this case (see, supra; see also, People v Bombard, 203 AD2d 711, 713, lv denied 84 NY2d 823).

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.