(June 18, 1997)

■ In the Matter of BENJAMIN F. L. DARDEN, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [658 NYS2d 718] —Per Curiam. Respondent was admitted to practice by the Appellate Division, Second Department, in 1969. He maintained an office for the practice of law in Ithaca, Tompkins County.

Petitioner, the Committee on Professional Standards, has filed both a petition and a supplemental petition of charges against respondent. A hearing was held on the petition in November 1996 and petitioner moves to confirm the Referee's report sustaining its charges. Petitioner also moves for a default judgment on the supplemental petition. We grant the latter motion (see, e.g., Matter of Schlesinger, 201 AD2d 751). Respondent has failed to answer the supplemental petition or appear in response to the default judgment motion, both of which were personally served upon him. Petitioner has filed

proof by affidavit of the facts constituting the alleged misconduct.

Respondent is currently suspended from practice pursuant to this Court's decision dated March 28, 1997, which granted petitioner's motion to suspend respondent pending consideration of the charges in the supplemental petition.

We grant the motion to confirm the Referee's report, except insofar as the report sustained the allegation of charge III that respondent commingled personal and client funds in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]) and charge IX, which accused respondent of engaging in a conflict of interest. Except for said allegation and charge, and except for two specifications of the petition withdrawn by petitioner (specification 1 of charge V and specification 2 of charge VIII) we find respondent guilty of the professional misconduct set forth in the petition and supplemental petition.

It is apparent from this record that respondent is guilty of very serious professional misconduct. The evidence establishes that respondent converted over $50,000 under circumstances which indicate he took advantage of a vulnerable client. To the extent he attempted to label the converted funds as legitimate fees, he is guilty of charging an excessive fee. He also failed to respond to numerous telephone calls from the client and three other clients. He deceived the client by advising her he would return her funds but never did so. He commingled personal funds in the account into which he deposited the client's funds, a trust account which failed to comply with dishonored check reporting rules (see, 22 NYCRR part 1300) and the IOLA statute (Judiciary Law § 497), and failed to maintain adequate books and records of the account. Respondent also neglected another client's legal matter, apparently leading to serious and adverse financial repercussions for the client. Respondent did not cooperate with petitioner in its investigation of no less than nine inquiries filed against him by clients. As noted by the Referee, he usually complied with requests for information by petitioner only under threat of subpoena. He failed to appear at a hearing pursuant to such a subpoena and was suspended from practice pending his compliance with the subpoena; the suspension was stayed on his motion and he did appear at a rescheduled hearing. He did not appear at the hearing before the Referee and has not substantively replied to the motion to confirm the Referee's report.

By the charges of the supplemental petition, respondent converted client funds (perhaps as much as $3,750), com-

mingled his own moneys with the client's in a trust account, failed to properly maintain the trust account, failed to respond to and maintain appropriate client communications, and failed to answer an inquiry forwarded to him by petitioner.

In view of this serious misconduct, respondent should be disbarred.

Cardona, P. J., Mercure, Crew III, White and Peters, JJ., concur. Ordered that the motion to confirm the Referee's report be and hereby is granted, except insofar as the report sustained the allegation of charge III that respondent violated Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]) and charge IX; and it is further ordered that the motion for a default judgment be and hereby is granted; and it is further ordered that respondent be and hereby is found guilty of the professional misconduct set forth in the petition and the supplemental petition, except for the following charges of the petition: the allegation of charge III that respondent violated Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), specification 1 of charge V, specification 2 of charge VIII, and charge IX; and it is further ordered that respondent be and hereby is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately; and it is further ordered that respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the rules of this Court (22 NYCRR 806.9) regulating the conduct of disbarred attorneys.