■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE MAGEE, Appellant. [685 NYS2d 113] —Peters, J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered May 7, 1993, upon a verdict convicting defendant of four counts of the crime of assault in the second degree.

After a February 19, 1992 altercation between several inmates and correction officers at the Tompkins County Public Safety Building, defendant was charged, together with Richard Jones, with assault in the second degree in violation of Penal Law § 120.05 (7) and assault in the second degree with intent to cause injury to and prevent a peace officer, James Rolfe, from performing a lawful duty in violation of Penal Law § 120.05 (3). Defendant was also charged with two additional counts for the same crimes with respect to a separate peace officer, Harry Hawk. A joint trial was held.

The assault upon Rolfe was fully reviewed in the appeal of the conviction of codefendant Jones (see, People v Jones, 213 AD2d 801, lv denied 85 NY2d 975). Hawk, upon observing defendant and Jones beating Rolfe, intervened, resulting in defendant striking him in the face and rendering him unconscious.

Upon this appeal, we need not be detained by errors alleging selective prosecution and the lack of an impartial Grand Jury since this defendant, like Jones, failed to sustain his burden of proof (see, People v Jones, supra, at 802-803; see also, People v Malphrus, 176 AD2d 1073, lv denied 79 NY2d 860; People v Mitchell, 156 AD2d 767, lv denied 75 NY2d 922). Unpreserved for review is the contention of error in the denial of defendant's motion to dismiss count two of the superceding indictment at the conclusion of the People's case (see, People v Sutton, 161 AD2d 612, lv denied 76 NY2d 866). Had we considered it, we would find that by the testimony of not only Rolfe but also Hawk and inmate Richard Rought, the People met their burden (see, People v Barnes, 50 NY2d 375, 381).

Similarly unavailing is defendant's contention that he was denied effective assistance of counsel due to counsel's disbarment* four years after defendant's sentence (see, People v Powell, 197 AD2d 544, 546, lv denied 82 NY2d 901) and because of his inability to cross-examine Rought, a prosecution witness,

---

* See, Matter of Darden, 240 AD2d 844, appeal dismissed 90 NY2d 1003.

due to his prior representation of him in an unrelated matter. Despite the initial disclosure of such conflict upon the commencement of Rought's testimony and Rought's refusal to waive the attorney-client privilege to allow for cross-examination, such potential conflict does not independently rise to a claim of ineffective assistance of counsel (*see generally, People v Mattison*, 67 NY2d 462). Noting the denial of defense counsel's request for substitution, our review of the cross-examination of this prosecution witness by counsel for codefendant Jones reveals that Jones' counsel had ample opportunity to impeach Rought's credibility by bringing out his numerous convictions.

With impeachment evidence clearly before the jury and the record reflecting that Rought was not the chief prosecution witness and that substantial evidence, separate and apart from the testimony of such witness, was presented to corroborate his testimony, the conflict of interest cannot, standing alone, be deemed to be one which bears a "substantial relationship to the conduct of the defense" (*People v Recupero*, 73 NY2d 877, 879). Further rejecting a challenge to the adequacy of the record by the failure to locate certain exhibits in preparation of this appeal (*see, People v Harris*, 61 NY2d 9), we find that the evidence, law, and the totality of the circumstances presented herein, as of the time of representation, reveal that counsel provided meaningful representation (*see, People v Baldi*, 54 NY2d 137).

Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.